**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, <br><br>      Plaintiffs, <br>vs. <br><br>VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT LIMITED, a Bermuda Company, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE  and DOES ONE through FIFTY, inclusive, <br><br>      Defendants. | Case No. <br><br>**COMPLAINT FOR LIQUIDATED DAMAGES FOR VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5** <br><br>**DEMAND FOR JURY TRIAL** |

      **Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** and an Internet Service Provider, complains of Defendants **VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT LIMITED, a Bermuda Company, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE  and DOES ONE through FIFTY, inclusive,** and alleges violations of *California Business and Professions Code* §17529.5(a) and requests liquidated damages and attorney fees authorized as remedies under *California Business and Professions Code* §17529.5(b)(1)(B) and (C).

### JURISDICTION AND VENUE

      1.     This Court has diversity jurisdiction of this action pursuant to 28 *USC* §1332 for disputes between citizens of different states and citizens or subjects of a foreign state where

1  "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

2  costs." 28 *USC* §1332. The amount in controversy is $10,225,000, the Plaintiff is a citizen of

3  California, and the Defendants are citizens of Massachusetts and the Bermuda Islands, a

4  British Overseas Territory.

5          2.      Defendants have purposely availed themselves of the privileges of conducting

6  activities in the forum, the email advertisements are the subject of the action, and exercise of

7  jurisdiction is reasonable since Defendants should have known that they would be subject to

8  the jurisdiction and laws of the forum when **ADVERTISERS** sent mass commercial email

9  advertisements in violation of *California Business & Professions Code* §17529 to persons at

10 Northern California Internet Service Providers.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104

11 at 1112-1114 (9th Cir., 2002) (where the court found that a foreign corporation that

12 communicated directly and substantially with the plaintiffs with the purpose of harming the

13 plaintiffs had expressly aimed their acts at the forum state); *Asis Internet Services v.*

14 *Imarketing Consultants, Inc.*, Slip Copy, 2008 WL 2095498 at *3 N.D.Cal.,2008 (where the

15 court found specific jurisdiction based on defendant sending mass emails to persons in the

16 forum); *Aitken v. Communications Workers of America*, 496 F.Supp.2d 653 at 659

17 (E.D.Va., 2007); *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611-620

18 (E.D.Va., 2002); and *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773 at 779-780

19 (S.D.Miss.,2001).  These advertisements represent a request to do business with the intended

20 recipients and establish contractual relationship with the intended recipients.  These email

21 advertisements therefore establish the existence of deliberate and continuing obligations with

22 residents of the forum state, California.  Therefore, Defendants: "has availed itself of the

23 privilege of conducting business there, and because its activities are shielded by 'the benefits

24 and protections' of the forum's laws it is presumptively not unreasonable to require it to submit

25 to the burdens of litigation in that forum as well."  *Burger King Corp. v. Rudzewicz,* 471 U.S.

26 462 at 476 (1985).

27          3.      Venue is proper in this Court pursuant to 28 *USC* §1391(a)(2) and is founded on

28 the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial

1    district, that is the emails were sent to an Email and Internet Service Provider in Garberville,

2    California.

3                                        **FACTUAL ALLEGATIONS**

4        4.      Plaintiff is informed and believes and based thereon alleges that Defendant

5    **VISTAPRINT LIMITED** is and was at all times relevant herein a business located at Canons

6    Court, 22 Victoria Street, Hamilton, HM12, Bermuda Islands.   Plaintiffs are informed and

7    believe and based thereon allege that Defendant **VISTAPRINT LIMITED** is a Bermuda Island

8    Company.

9        5.      Plaintiff is informed and believes and based thereon alleges that Defendant,

10   **VISTAPRINT USA, INCORPORATED** is and was at all times relevant herein a business

11   located at 95 Hayden Avenue, Lexington, Massachusetts 02421.   Plaintiff is informed and

12   believes and based thereon alleges that Defendant **VISTAPRINT USA, INCORPORATED** is a

13   corporation incorporated under the laws of Delaware.

14       6.      Plaintiff is informed and believes and based thereon alleges that Defendant

15   **ROBERT S. KEANE** is and was at all times relevant herein the founder, CEO, and day to day

16   Manager of **VISTAPRINT LIMITED** and **VISTAPRINT USA, INCORPORATED**.   Plaintiff is

17   informed and believes and based thereon alleges that Defendant **ROBERT S. KEANE**

18   **(hereafter "KEANE")** is a resident of Massachusetts with business address at 95 Hayden

19   Avenue, Lexington, Massachusetts 02421.   Plaintiff is informed and believes and based

20   thereon alleges that Defendant **KEANE** created and manages the companies of **VISTAPRINT**

21   **LIMITED** and **VISTAPRINT USA, INCORPORATED** to avoid liability for his illegal false

22   advertising activities as described in this complaint. "As the separate personality of the

23   corporation is a statutory privilege, it must be used for legitimate business purposes and must

24   not be perverted.  When it is abused it will be disregarded and the corporation looked at as a

25   collection or association of individuals, so that the corporation will be liable for acts of the

26   stockholders or the stockholders liable for acts done in the name of the corporation." ***Mesler***

27   ***v. Bragg Management Co.*** (1985), 39 Cal.3d 290 at 300 [702 P.2d 601].

28       7.      Plaintiff is informed and believes and based thereon alleges that all named

1   Defendants are in fact agents, partners, or employees of Defendant **KEANE.**

2       8.    Plaintiff is informed and believes and therefore alleges that Defendants
3   **VISTAPRINT.COM** and **VISTAPRINT** are aliases or agents for Defendants **KEANE,**
4   **VISTAPRINT LIMITED** and **VISTAPRINT USA, INCORPORATED**.

5       9.    Plaintiff **ASIS INTERNET SERVICES** does not know the true names and
6   capacities of defendants **VISTAPRINT USA, INCORPORATED, VISTAPRINT LIMITED, aka**
7   **VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE and DOES ONE through FIFTY,**
8   **inclusive**, their business capacities, their ownership connection to the business(s), nor their
9   relative responsibilities in causing the violations of *California Business and Professions*
10  *Code* §17529.5 and other violations herein complained of, and alleges, on information and
11  belief, a joint venture and common enterprise by all such defendants.  Plaintiff is informed and
12  believes that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the
13  agent, ostensible agent, master, servant, employer, employee, representative, franchiser,
14  franchisee, joint venture, partner, and associate, or such similar capacity, of each of the other
15  defendants, and was at all times acting and performing, or failing to act or perform, with the
16  authorization, consent, permission or ratification of each of the other defendants, and is
17  responsible in some manner for the acts and omissions of the other defendants in legally
18  causing the violations and damages complained of herein, and have approved or ratified each
19  of the acts or omissions of each other defendant, as herein described.  Plaintiff will seek leave
20  to amend this Complaint when the true names, capacities, connections and responsibilities of
21  defendants **VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT**
22  **LIMITED, a Bermuda Company, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S.**
23  **KEANE  and DOES ONE through FIFTY, inclusive**, are ascertained.

24      10.    Plaintiff is informed and believes and therefore alleges that all named
25  Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts
26  described herein, or alternatively, aided and abetted one another in the performance of the
27  wrongful acts hereinafter alleged.

28      11.    Plaintiff **ASIS INTERNET SERVICES** (hereafter "**ASIS**") is a California

corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet service and email service within the meaning of ***California Business & Professions Code*** §17529.5.   **ASIS** received the emails at issue while performing services as an internet access provider and email service provider for its customers.

12.     Plaintiff is informed and believes and based thereon allege that Defendants advertised in **10,225** commercial electronic mail advertisements sent to Plaintiff **ASIS'** protected computers from January 6, 2006 through November 6, 2008, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.  Plaintiff discovered these email advertisements on November 7, 2008.

13.     Plaintiff is informed and believes and based thereon alleges that Defendants sent the **10,225** commercial electronic mail advertisements knowing that they would go to Plaintiff's mail service computers.

14.     Plaintiff states that the email accounts that the **10,225** commercial electronic mail advertisements sent to **ASIS** accounts did not solicit the emails.   These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by **ASIS**. **ASIS** did not solicit any product, service, or information from any entity using these email accounts.

### FIRST CAUSE OF ACTION
**(Violation of *California Business and Professions Code* §17529.5**
**False advertisements relating to commercial email advertisements.)**

15.     Plaintiff refers to the allegations in prior paragraphs of this complaint and incorporate the same herein by this reference as though set forth in full.

16.     Plaintiff alleges that Defendants sent or had sent **10,225** commercial  separate unsolicited electronic mail advertisements to plaintiff's computers that include various subject lines that were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of ***California Business and Professions Code*** §17529.5(a)(3).  Plaintiff alleges that the "circumstances" required are plainly visible in the

actual subject lines of the emails.  The email subject lines received by Plaintiff were clearly intended to get someone to open the email by enticing them with free gifts such as: "Re: , your 250 business cards at No-Fee", " Full Color Business Cards at No Charge", "[QUAR] You were chosen to receive a $500 JCPenney Gift Card!", and 250 Free Business Cards - ON US"  See Sample emails in Exhibit "A" and see a complete list of subject lines appearing in the emails at Exhibit "B."  (Note that all receiving email accounts have been redacted, while most of these emails represent inactive email accounts they are still the property of **ASIS** and are protected by their corporate privileges.)   The California courts have determined that the standard for false advertisements under the California False Advertising Act (***California Business and Professions Code*** §17500 et seq.) is the reasonable consumer standard and that all that is necessary to prevail is a showing that a reasonable consumer would be deceived or mislead. (***Colgan v. Leatherman Tool Group, Inc.*** (2006) 135 Cal. App. 4th 663 at  682 [38 Cal. Rptr. 3d 36].) The California Courts have further found that the Federal Trade Commission has used the reasonable consumer standard in development of their rules concerning false advertising and that those rules apply.  (***Lavie v. Procter & Gamble Co.*** (2003) 105 Cal.App.4th 496, 512-513 [129 Cal.Rptr.2d 486]). 15 ***USC*** §45 is titled "Unfair methods of competition unlawful; prevention by Commission," and enables the Federal Trade Commission to issue orders regarding unfair trade practices.  15 ***USC*** §45(d) provides that the orders of the Commission are exclusive unless overturned by the United States Court of Appeals.   The FTC has issued 16 ***CFR*** part 251, "Guide concerning use of the word 'free' and similar representations."  16 ***CFR*** Part 251 states that the terms of the offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur. All of the email subject lines represent that the recipient has received a free gift.  16 ***CFR*** part 251 clearly states that the requirements for participation for an advertisement claiming a free gift must appear within the same page of the offer and must be conspicuous.  None of the emails describe any terms or conditions for receipt of the free gift.  Once the recipient clicks on the active links in the email they are taken to landing pages where they are offered a variety of products.  Once they have supposedly selected the free gift they are led through a dozen separate web pages where they

are required to enter personal information, including: name, address, telephone, company, email address, etc.  At the end of this series of pages and only at the end they are informed that their free gift will be shipped for $5.17.   See Exhibit "C"  for the Landing Pages of each step to checkout.  At this point they are also required to provide credit card information or if paying by check informed they must purchase at least $10 in goods.  The subject lines are clearly intended to deceive the recipients into thinking they are getting a free gift in order to entice them into opening and responding to the emails.  The email subject lines are in violation of 16 **CFR** part 251 and therefore in violation of ***California Business and Professions Code*** §17529.5(a)(3).

17.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of ***California Business and Professions Code*** §17529.5(a) as set forth in ***California Business and Professions Code*** §17529.5(b)(1)(B)(ii).

18.    Plaintiff furthermore seek its attorney fees and costs against the defendants pursuant to ***California Business and Professions Code*** §17529.5(b)(1)(C).

**WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as follows:

1.    For liquidated damages of $1,000.00 for each violation of ***California Business and Professions Code*** §17529.5(a) in the sum of **$10,225,000**;

5.    For an award of reasonable attorneys' fees and costs according to proof;

6.    For costs of suit; and

7.    For such other and further relief as this Courts deems just and proper.


**SINGLETON LAW GROUP**

Dated:        November 17, 2008        _ /s/ Jason K. Singleton _____
                                        Jason K. Singleton
                                        Richard E. Grabowski
                                        Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

1

## **REQUEST FOR JURY TRIAL**

2

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

3

**SINGLETON LAW GROUP**

4

5

Dated:      November 17, 2008      _/s/ Jason K. Singleton_____

Jason K. Singleton

6

Richard E. Grabowski

Attorneys for Plaintiffs, **ASIS INTERNET SERVICES**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28