1  **Jason K. Singleton,** State Bar #166170
   jason@singletonlawgroup.com
2  **Richard E. Grabowski,** State Bar #236207
   rgrabowski@mckinleyville.net
3  **SINGLETON LAW GROUP**
   **611 "L" Street, Suite A**
4  **Eureka, CA 95501**
   **(707) 441-1177**
5  **FAX  441-1533**

6  **Attorneys for Plaintiffs, ASIS INTERNET SERVICES
   and JOEL HOUSEHOLTER, dba KNEELAND
7  ENGINEERING, dba FOGGY.NET**

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10 **ASIS INTERNET SERVICES, a California**  ) Case No. CV-08-5261 SBA
   **corporation, and JOEL HOUSEHOLTER, dba** )
11 **KNEELAND ENGINEERING, dba FOGGY.NET** ) **FIRST AMENDED COMPLAINT FOR
                                            ) LIQUIDATED DAMAGES FOR
12                                          ) VIOLATIONS OF CALIFORNIA
       **Plaintiffs,**                 ) BUSINESS & PROFESSIONS CODE
13 **vs.**                                    ) §17529.5**
                                             )
14 **VISTAPRINT USA, INCORPORATED, a**       ) **DEMAND FOR JURY TRIAL**
   **Delaware corporation, VISTAPRINT LIMITED, a** )
15 **Bermuda Company, aka VISTAPRINT.COM, aka** )
   **VISTAPRINT, ROBERT S. KEANE  and DOES** )
16 **ONE through FIFTY, inclusive,**        )
                                             )
17                                           )
       **Defendants.**                )
18

19

20     **Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** an Internet Access

21 Provider (hereafter "ASIS")**, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING,**

22 **dba FOGGY.NET,** an Internet Access Provider (hereafter "FOGGY"), complain of Defendants

23 **VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT LIMITED, a**

24 **Bermuda Company, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE  and**

25 **DOES ONE through FIFTY, inclusive,** and alleges violations of *California Business and*

26 *Professions Code* §17529.5(a) and requests liquidated damages and attorney fees

27 authorized as remedies under *California Business and Professions Code* §17529.5(b)(1)(B)

28 and (C).

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction of this action pursuant to 28 **USC** §1332 for disputes between citizens of different states and citizens or subjects of a foreign state where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 **USC** §1332. The amount in controversy is $5,943,000 the Plaintiffs are citizens of California, and the Defendants are citizens of Massachusetts and the Bermuda Islands, a British Overseas Territory.

2. Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the email advertisements are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when Defendants sent mass commercial email advertisements in violation of **California Business & Professions Code** §17529 to persons at Northern California Internet Access Providers. **Dole Food Co., Inc. v. Watts**, 303 F.3d 1104 at 1112-1114 (9th Cir., 2002) (where the court found that a foreign corporation that communicated directly and substantially with the plaintiffs with the purpose of harming the plaintiffs had expressly aimed their acts at the forum state); **Asis Internet Services v. Imarketing Consultants, Inc.**, Slip Copy, 2008 WL 2095498 at *3 N.D.Cal.,2008 (where the court found specific jurisdiction based on defendant sending mass emails to persons in the forum); **Aitken v. Communications Workers of America**, 496 F.Supp.2d 653 at 659 (E.D.Va., 2007); **Verizon Online Services, Inc. v. Ralsky**, 203 F.Supp.2d 601 at 611-620 (E.D.Va., 2002); and **Internet Doorway, Inc. v. Parks**, 138 F.Supp.2d 773 at 779-780 (S.D.Miss., 2001). These advertisements represent a request to do business with the intended recipients and establish contractual relationship with the intended recipients. These email advertisements therefore establish the existence of deliberate and continuing obligations with residents of the forum state, California. Therefore, Defendants: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well." **Burger King Corp. v. Rudzewicz,** 471 U.S.

1  462 at 476 (1985).

2        3.    Venue is proper in this Court pursuant to 28 *USC* §1391(a)(2) and is founded on the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial district, that is the emails were sent to an Email and Internet Service Provider in Garberville, California.

**FACTUAL ALLEGATIONS**

      4.    Plaintiffs are informed and believe and based thereon allege that Defendant **VISTAPRINT LIMITED** is and was at all times relevant herein a business located at Canons Court, 22 Victoria Street, Hamilton, HM12, Bermuda Islands.  Plaintiffs are informed and believe and based thereon allege that Defendant **VISTAPRINT LIMITED** is a Bermuda Island Company.

      5.    Plaintiffs are informed and believe and based thereon allege that Defendant, **VISTAPRINT USA, INCORPORATED** is and was at all times relevant herein a business located at 95 Hayden Avenue, Lexington, Massachusetts 02421.  Plaintiffs are informed and believe and based thereon allege that Defendant **VISTAPRINT USA, INCORPORATED** is a corporation incorporated under the laws of Delaware.

      6.    Plaintiffs are informed and believe and based thereon allege that Defendant **ROBERT S. KEANE** is and was at all times relevant herein the founder, CEO, and day to day Manager of **VISTAPRINT LIMITED** and **VISTAPRINT USA, INCORPORATED**.  Plaintiffs are informed and believe and based thereon allege that Defendant **ROBERT S. KEANE (hereafter "KEANE")** is a resident of Massachusetts with business address at 95 Hayden Avenue, Lexington, Massachusetts 02421.  Plaintiffs are informed and believe and based thereon allege that Defendant **KEANE** created and manages the companies of **VISTAPRINT LIMITED** and **VISTAPRINT USA, INCORPORATED** to avoid liability for his illegal false advertising activities as described in this complaint. "As the separate personality of the corporation is a statutory privilege, it must be used for legitimate business purposes and must not be perverted.  When it is abused it will be disregarded and the corporation looked at as a collection or association of individuals, so that the corporation will be liable for acts of the

FIRST AMENDED COMPLAINT FOR LIQUIDATED DAMAGES    3    CV-08-5261 SBA

stockholders or the stockholders liable for acts done in the name of the corporation." *Mesler v. Bragg Management Co.* (1985), 39 Cal.3d 290 at 300 [702 P.2d 601].

7. Plaintiffs are informed and believe and based thereon allege that all named Defendants are in fact agents, partners, or employees of Defendant **KEANE.**

8. Plaintiffs are informed and believe and based thereon allege that Defendants **VISTAPRINT.COM** and **VISTAPRINT** are aliases or agents for Defendants **KEANE, VISTAPRINT LIMITED** and **VISTAPRINT USA, INCORPORATED**.

9. Plaintiffs, **ASIS** and **FOGGY** do not know the true names and capacities of Defendants **VISTAPRINT USA, INCORPORATED, VISTAPRINT LIMITED, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE and DOES ONE through FIFTY, inclusive**, their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the violations of *California Business and Professions Code* §17529.5 and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe and based thereon allege that each of the Defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venture, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT LIMITED, a Bermuda Company, aka VISTAPRINT.COM, aka VISTAPRINT, ROBERT S. KEANE  and DOES ONE through FIFTY, inclusive**, are ascertained.

10. Plaintiffs are informed and believe and based thereon allege that all named

Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

11. Plaintiff **ASIS INTERNET SERVICES** (hereafter "**ASIS**") is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet service and email service within the meaning of *California Business & Professions Code* §17529.5.   **ASIS** received the emails at issue while performing services as an internet access provider and email service provider for its customers.

12. Plaintiff **FOGGY** is a sole proprietorship and is located in Eureka, California. **FOGGY** provides internet access service and email service within the meaning of *California Business & Professions Code* §17529.5.   **FOGGY** received the emails at issue while performing services as an internet access provider and email service for its customers.

13. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **5,943** commercial electronic mail advertisements of which **2,881** were sent to Plaintiff **ASIS'** protected computers from January 2, 2006, through November 6, 2008, and **3,062** were sent to Plaintiff **FOGGY's** protected computers from May 26, 2007, through November 13, 2008, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.  Plaintiffs discovered these email advertisements on November 7, 2008.

14. Plaintiffs are informed and believe and based thereon allege that Defendants sent the **5,943** commercial electronic mail advertisements knowing that they would go to Plaintiffs' mail service computers.

15. Plaintiffs are informed and believe and based thereon allege that the commercial email advertisements were sent with misleading or deceptive messages, knowledge, and with the intent to deceive consumer recipients.

16. Plaintiff, **ASIS**, states that the email accounts that the **2,881** commercial electronic mail advertisements sent to **ASIS** accounts did not solicit the emails.  These emails

1 were unsolicited because they were sent to unassigned, inactive or administrative email
2 accounts owned by **ASIS**. **ASIS** did not solicit any product, service, or information from any
3 entity using these email accounts.

4     17. Plaintiff, **FOGGY**, states that some of the email accounts that the **3,062**
5 commercial electronic mail advertisements were sent to did not solicit the emails. These
6 emails were unsolicited because they were sent to unassigned, inactive or administrative email
7 accounts owned by **FOGGY**. Some of the emails were sent to active consumer email
8 accounts. **FOGGY** did not solicit any product, service, or information from any entity using
9 these email accounts.

## FIRST CAUSE OF ACTION
**(Violation of *California Business and Professions Code* §17529.5
False advertisements relating to commercial email advertisements.)**

12     18. Plaintiffs refer to the allegations in prior paragraphs of this complaint and
13 incorporate the same herein by this reference as though set forth in full.

14     19. Plaintiffs are informed and believe and based thereon allege that Defendants
15 sent or had sent **5,943** commercial separate unsolicited electronic mail advertisements to
16 Plaintiffs computers that include various subject lines that were false and misleading and
17 would be likely to mislead a recipient, acting reasonably under the circumstances, about a
18 material fact regarding the contents or subject matter of the message in violation of ***California
19 Business and Professions Code*** §17529.5(a)(3). Plaintiffs are informed and believe and
20 based thereon allege that the "circumstances" required are plainly visible in the actual subject
21 lines of the emails. The email subject lines received by Plaintiffs were clearly intended to get
22 someone to open the email by enticing them with free gifts such as: "Re: , your 250 business
23 cards at No-Fee", " Full Color Business Cards at No Charge", and "leah, Complimentary Full
24 Color Business Cards" See Sample emails in Exhibit "A" and see a complete list of subject
25 lines appearing in the emails at Exhibit "B." (Note that all receiving email accounts have been
26 redacted, while most of these emails represent inactive email accounts they are still the
27 property of **ASIS** or **FOGGY** and are protected by their corporate privileges.) The California
28 courts have determined that the standard for false advertisements under the California False

Advertising Act (*California Business and Professions Code* §17500 et seq.) is the reasonable consumer standard and that all that is necessary to prevail is a showing that a reasonable consumer would be deceived or mislead. (*Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal. App. 4th 663 at 682 [38 Cal. Rptr. 3d 36].) The California Courts have further found that the Federal Trade Commission has used the reasonable consumer standard in development of their rules concerning false advertising and that those rules apply. (*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 512-513 [129 Cal.Rptr.2d 486]). 15 *USC* §45 is titled "Unfair methods of competition unlawful; prevention by Commission," and enables the Federal Trade Commission to issue orders regarding unfair trade practices. 15 *USC* §45(d) provides that the orders of the Commission are exclusive unless overturned by the United States Court of Appeals.  The FTC has issued 16 *CFR* part 251, "Guide concerning use of the word 'free' and similar representations." 16 *CFR* Part 251 states that the terms of the offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur. All of the email subject lines represent that the recipient has received a free gift. 16 *CFR* part 251 clearly states that the requirements for participation for an advertisement claiming a free gift must appear within the same page of the offer and must be conspicuous.  None of the emails describe any terms or conditions for receipt of the free gift.  Once the recipient clicks on the active links in the email they are taken to landing pages where they are offered a variety of products.  Once they have supposedly selected the free gift they are led through a dozen separate web pages where they are required to enter personal information, including: name, address, telephone, company, email address, etc.  At the end of this series of pages and only at the end they are informed that their free gift will be shipped for $5.67.  See Exhibit "C" for the Landing Pages of each step to checkout.  At this point they are also required to provide credit card information or if paying by check informed they must purchase at least $10 in goods.  The subject lines are clearly intended to deceive the recipients into thinking they are getting a free gift in order to entice them into opening and responding to the emails.  The email subject lines are in violation of 16 *CFR* part 251 and therefore in violation of *California Business and Professions Code* §17529.5(a)(3).

20. ***California Business and Professions Code*** §17529.5 is part of the California False Advertising Law (***Business and Professions Code*** §17500 et seq.) and requires that the plaintiff allege falsification, misrepresentation, or forgery.  The California courts have interpreted this language to mean that the plaintiff must plead averments of fraud.  Fraud as it relates to The California False Advertising Law is defined by the courts as requiring a showing of misleading or deceitful statements, knowledge and intent to deceive.  (***Colgan v. Leatherman Tool Group, Inc.*** (2006) 135 Cal.App.4th 663 at 682 [38 Cal.Rptr.3d 36].)

21. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in the **5,943** subject emails with misleading or deceptive statements, knowledge, and intent to deceive.  Plaintiffs are informed and believe and based thereon allege that the false subject lines as discussed above would deceive a reasonable consumer by tricking them into thinking they are getting a free gift, and by concealing the information that they must pay a fee to get that free gift and are therefore misleading and deceitful statements.

22. Plaintiffs are informed and believe and based thereon allege that **5,943** emails containing misrepresentations were sent to multiple email accounts at Plaintiffs' email services, indicating an intent to deceive.

23. The actual terms and conditions for getting the free business cards and other gifts are not included anywhere in the email.   Further, once a party goes to the landing page, they must enter personal information.  Only on the second landing page where the recipient enters their personal information is there any indication that they will have to pay for the cards.  There is a separate statement at the bottom of this second landing page in a smaller font that states "Printing is free. Pay only for shipping and processing. Please see our Free Offer Details for more information."  Plaintiffs are informed and believe and based thereon allege an intent to deceive by failing to correct misrepresentations when the opportunity arises.

24. If one submits their personal information then they are taken through various web pages until they finally discover that they must provide a credit card or other form of payment and pay $5.67 for the supposed free cards.  See Exhibit "C"  for the Landing Pages of each step to checkout.  Plaintiffs are informed and believe and based thereon allege Defendant

FIRST AMENDED COMPLAINT FOR LIQUIDATED DAMAGES     8     CV-08-5261 SBA

intended deceit by not informing the recipient in the email that they were going to be required to make a payment in order to receive the free gift.

25. All of the advertisements were addressed to consumer accounts with domain names owned by **ASIS** or **FOGGY**. Plaintiffs are informed and believe and based thereon allege knowledge of where the advertisements were being sent based on the header information in the subject emails.

26. As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of *California Business and Professions Code* §17529.5(a) as set forth in *California Business and Professions Code* §17529.5(b)(1)(B)(ii).

27. Plaintiffs furthermore seek their attorney fees and costs against Defendants pursuant to *California Business and Professions Code* §17529.5(b)(1)(C).

**WHEREFORE**, Plaintiffs pray judgment against the Defendants and each of them as follows:

1. For liquidated damages of $1,000.00 for each violation of *California Business and Professions Code* §17529.5(a) in the sum of **$5,943,000**;

2. For an award of reasonable attorneys' fees and costs according to proof;

3. For costs of suit; and

4. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:   December 12, 2008        /s/ Jason K. Singleton
                                  Jason K. Singleton
                                  Richard E. Grabowski
                                  Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

///

///

///

///

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:       December 12, 2008        /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES**