1    COOLEY GODWARD KRONISH LLP
     MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2    JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
     MICHELLE L. WASSERMAN (254686) (mwasserman@cooley.com)
3    4401 Eastgate Mall
     San Diego, CA  92121
4    Telephone:     (858) 550-6000
     Facsimile:     (858) 550-6420
5

6    Attorneys for Defendants
     VISTAPRINT USA, INCORPORATED and
     ROBERT S. KEANE
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11

12

13    ASIS INTERNET SERVICES, a California
     corporation, and JOEL HOUSEHOLTER dba
     KNEELAND ENGINEERING, dba
14    FOGGY.NET,

15              Plaintiffs,

16        v.

17    VISTAPRINT USA, INCORPORATED, a
     Delaware corporation, VISTAPRINT
18    LIMITED,  a Bermuda Company, aka
     VISTAPRINT.COM, aka VISTAPRINT,
19    ROBERT S. KEANE and DOES ONE
     through FIFTY, inclusive,
20
             Defendants.
21

Case No.  08-CV-5261-SBA

**VistaPrint USA, Incorporated and Robert S. Keane's Notice of Motion and Motion to Dismiss Plaintiffs' First Amended Complaint**

Date:     April 7, 2009
Time:     1:00 p.m.
Judge:   Hon. Saundra B. Armstrong
Place:   Courtroom 3

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

PAGE

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES................................................................1

I.     INTRODUCTION AND RELEVANT FACTS ...............................................................1

II.    LEGAL STANDARDS ...............................................................................................3

    A.     Rule 12(b)(6) Motion to Dismiss...............................................................3

    B.     Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ....................3

III.   ARGUMENT ...........................................................................................................4

    A.     The FAC Should Be Dismissed With Prejudice Because Cal. Bus. & Prof. Code Section 17529.5 is Preempted by Federal Law ...........................................4

        (1)     The CAN-SPAM Act's broad preemption clause saves only state law claims based on common law fraud or deception .................................4

        (2)     Plaintiffs' claims are preempted by the CAN-SPAM Act because they fail to allege common law fraud ..........................................6

    B.     Even if Not Preempted, the FAC Fails to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) ....................................................................9

        (1)     Plaintiffs' claim fails because the FAC fails to allege reliance and lost money or property, essential elements of the claim...........................9

        (2)     FAC should be dismissed because it fails to plead fraud with particularity...............................................................................12

    C.     Mr. Keane Should Be Dismissed With Prejudice Because This Court Lacks Jurisdiction Over Him.........................................................................13

        (1)     Mr. Keane did not purposefully direct activities toward California ..........14

        (2)     Plaintiffs may not impute the other defendants' contacts with California to Mr. Keane...................................................................15

        (3)     The exercise of personal jurisdiction over Mr. Keane would be unreasonable ............................................................................18

    D.     Leave To Amend Should Be Denied Since Amendment Would Be Futile..........19

IV.    CONCLUSION ......................................................................................................19

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

1

TABLE OF AUTHORITIES

2

PAGE

3

CASES

4

*Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*,
5        410 F.3d 492 (9th Cir. 2005) .................................................................................................4

6

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
        551 F.2d 784 (9th Cir. 1977) ................................................................................................3

7

*ASIS Internet Servs. v. Optin Global, Inc.*,
8        No. C05-5124, 2008 WL 1902217 (N.D. Cal. April 29, 2008) ...........................................5, 8

9

*Bell Atl. Corp. v. Twombly*,
10        127 S. Ct. 1955 (2007) ...........................................................................................................3

11

*Branick v. Downey Savings & Loan Ass'n*,
        39 Cal. 4th 235 (2006) ...........................................................................................................10

12

*Buckland v. Threshold Enterprises, Ltd.*,
13        155 Cal. App. 4th 798 (2007) ..........................................................................................11, 12

14

*Burger King Corp. v. Rudzewicz*,
15        471 U.S. 462 (1985) ...............................................................................................................15

16

*Calder v. Jones*,
        465 U.S. 783 (1984) ...........................................................................................................3, 14

17

*Cattie v. Wal-Mart Stores, Inc.*,
18        504 F. Supp. 2d 939 (S.D. Cal. 2007) ...................................................................................10

19

*CE Distrib., LLC v. New Sensor Corp.*,
        380 F.3d 1107 (9th Cir. 2004) ...............................................................................................18

20

*Colgan v. Leatherman Tool Group, Inc.*,
21        135 Cal. App. 4th 663 (2006) ..................................................................................................8

22

*Colt Studio, Inc. v. Badpuppy Enter.*,
23        75 F. Supp. 2d 1104 (C.D. Cal 1999) .........................................................................3, 16, 17

24

*Cooper v. Pickett*,
25        137 F.3d 616 (9th Cir. 1997) ...........................................................................................12, 13

26

*Davis v. Metro Productions Inc.*,
        885 F.2d 515 (9th Cir. 1989) ..................................................................................................18

27

*Dole Food Co., Inc. v. Watts*,
28        303 F.3d 1104 (9th Cir. 2002) ...........................................................................................3, 13

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Dreiling v. Am. Exp. Co.,*
458 F.3d 942 (9th Cir. 2006) ...........................................................................17

*Durning v. First Boston Corp.,*
815 F.2d 1265 (9th Cir. 1987) .............................................................................3

*English v. General Elec. Co.,*
496 U.S. 72 (1990)..................................................................................................4

*Express Media Group LLC v. Express Corp.,*
No. C 06-03504, 2007 WL 1394163 (N.D. Cal. May 10, 2007)...................13

*Flynt Distrib. Co. v. Harvey,*
734 F.2d 1389 (9th Cir. 1984) .....................................................................16, 17

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
466 U. S. 408 (1984)............................................................................................15

*Hoang v. Reunion.com, Inc.,*
C08-3518, 2008 WL 4542418 (N.D. Cal. October 6, 2008) .....................passim

*Int'l Shoe Co. v. Washington,*
326 U.S. 310 (1945)..............................................................................................14

*Jackson v. Carey,*
353 F.3d 750 (9th Cir. 2003) ..............................................................................19

*Kleffman v. Vonage Holdings Corp.,*
No. CV 07-2406, 2007 WL 1518650 (C.D. Cal. May 23, 2007) .................5, 8

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ......................................................................................12

*Laster v. T-Mobile USA, Inc.,*
407 F. Supp. 2d 1181 (S.D. Cal. 2005)..........................................................10, 11

*Medtronic, Inc. v. Lohr,*
518 U.S. 470 (1996)................................................................................................4

*Mencken v. Emm,*
503 F.3d 1050 (9th Cir. 2007) .................................................................14, 15, 18

*Mesler v. Bragg Mgmt. Co.,*
39 Cal. 3d 290 (1985) ..........................................................................................16

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1

## TABLE OF AUTHORITIES
### (CONTINUED)

2

PAGE

3    *MGIC Indem. Corp. v. Weisman,*
4        803 F.2d 500 (9th Cir. 1986) ...........................................................................17

5    *Mirkin v. Wasserman,*
        5 Cal. 4th 1082 (1993) ......................................................................................7

6    *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology,*
7        228 F.3d 1043 (9th Cir. 2000) ..........................................................................3

8    *Navarro v. Block,*
        250 F.3d 729 (9th Cir. 2001) ............................................................................3
9
10   *Omega World Travel Inc. v. Mummagraphics, Inc.,*
        469 F.3d 348 (4th Cir. 2006) ............................................................................5

11   *Phillips v. Worldwide Internet Solutions,*
12       C05-5125, 2006 WL 1709189 (N.D. Cal. June 20, 2006) ...............................11

13   *PMC, Inc. v. Kadisha,*
        78 Cal. App. 4th 1368 (2000) ..........................................................................18
14
15   *Rocke v. Canadian Automobile Sport Club,*
        660 F.2d 395 (9th Cir. 1981) ..........................................................................14

16   *Schwarzenegger v. Fred Martin Motor Co.,*
17       374 F.3d 797 (9th Cir. 2004) ..........................................................................14

18   *Sonora Diamond Corp. v. Superior Court,*
        83 Cal. App. 4th 523 (2000) ............................................................................16
19
20   *Transgo, Inc. v. Ajac Transmission Parts Corp.,*
        768 F.2d 1001 (9th Cir. 1985) ........................................................................16

21   *True v. Am. Honda Motor Co.,*
22       520 F. Supp. 2d 1175 (C.D. Cal. 2007) ...........................................................10

23   *Vess v. Ciba-Geigy Corp. USA,*
        317 F.3d 1097 (9th Cir. 2003) ...................................................................6, 9, 12
24
25   *Walker v. USAA Cas. Ins. Co.,*
        474 F. Supp. 2d 1168 (E.D. Cal. 2007) ...........................................................12

26   *Wallis v. Farmers Group,*
27       220 Cal. App. 3d 718 (1990) .............................................................................7

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261**

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Wolf Designs, Inc. v. DHR & Co.*,
   322 F. Supp. 2d 1065 (C.D. Cal. 2004) ....................................................16, 18

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) .....................................................................15

STATUTES

15 U.S.C.
   § 7707 ...........................................................................................1, 4, 8

Cal. Bus. & Prof. Code
   § 17529.5 ..................................................................................passim
   § 17529.5(a)(3) ...............................................................................9
   § 17535 .........................................................................................10

California Code of Civil Procedure
   § 410.10 ........................................................................................14

CAN-SPAM Act of 2003.................................................................................6

Civil L.R. 3-6 ...............................................................................................20

RULES

Federal Rule of Civil Procedure
   § 9(b).................................................................................2, 9, 12, 13
   § 12(b)(2) ....................................................................................1, 3
   § 12(b)(6) ...........................................................................1, 3, 4, 9
   § 38(b)..........................................................................................20

OTHER AUTHORITIES

2-14 *California Forms of Pleading and Practice* § 14.15 (2008) ................................6

S. Rep. No. 108-102 (2003)...........................................................................6, 8

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

v.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

3

PLEASE TAKE NOTICE that on April 7, 2009, at 1:00 p.m., or as soon thereafter as this

4

motion may be heard, Defendants VistaPrint USA, Incorporated and Robert S. Keane

5

(collectively, "Defendants") will move to dismiss Plaintiffs' claim set forth in the First Amended

6

Complaint ("FAC").  This motion is made under Federal Rules of Civil Procedure 12(b)(6) and

7

12(b)(2).  VistaPrint USA, Incorporated and Mr. Keane move to dismiss with prejudice Plaintiffs'

8

claim on the following grounds:   (1) Plaintiffs' claim under Cal. Bus. & Prof. Code section

9

17529.5 is preempted by the Federal CAN-SPAM Act, 15 U.S.C. section 7707; (2) Plaintiffs'

10

allegations are insufficient to support a claim under Cal. Bus. & Prof. Code section 17529.5; and

11

(3) this Court lacks personal jurisdiction over Mr. Keane.

12

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

13

     1.      Whether Plaintiffs' claim is preempted by the Federal CAN-SPAM Act, 15 U.S.C.

14

           section 7707.

15

     2.      Whether Plaintiffs have alleged sufficient facts to support a claim under Cal. Bus.

16

           & Prof. Code section 17529.5.

17

     3.      Whether this Court has personal jurisdiction over Mr. Keane.

18

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

19

**I.**    **INTRODUCTION AND RELEVANT FACTS**

20

VistaPrint Limited, a Bermuda corporation, is a leading online retailer of marketing

21

products and services for small business and consumers, such as business cards, letterhead,

22

postcards, mailing services, websites, calendars, and invitations ("VistaPrint").[1]  VistaPrint is

23

publicly traded on the NASDAQ Stock Market.  It sells its products via regionally-targeted

24

websites such as *vistaprint.com*, and operates all of its websites from its servers located in

25

Bermuda.  VistaPrint has sold its products to over 17,000,000 customers worldwide since 2000,

26

and reported revenues of over $400,000,000 for the fiscal year ending June 30, 2008.  VistaPrint

27

28

---

[1] VistaPrint Limited has not been served in this action.  This motion is brought only on behalf of VistaPrint USA, Incorporated and Robert S. Keane.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261**

1   is well-known for its offer of free business cards: permitting customers to order business cards

2   without paying for design, manufacture, or materials, and only charging customers for shipping

3   and processing the cards.

4        VistaPrint Limited has several wholly-owned operating subsidiaries.  Operational support

5   in the United States is provided by defendant VistaPrint USA, Incorporated, a Delaware

6   corporation with offices in Lexington, Massachusetts ("VistaPrint USA").

7        At issue in this litigation are emails sent by third party advertisers to plaintiffs' electronic

8   mail servers, some of which advertise VistaPrint's products.  Plaintiffs do not allege, because they

9   cannot, that they have been damaged or lost money or property "as a result of" these emails.

10  Likewise, plaintiffs admit that they did not rely on the emails in any way as they did not discover

11  the emails until November 2008 even though the emails were sent almost three years earlier

12  starting in January 2006.  Based solely on their servers' receipt of the emails, plaintiffs filed the

13  FAC against defendants alleging a single cause of action under Cal. Bus. & Prof. Code section

14  17529.5.

15       The FAC should be dismissed with prejudice for several reasons.  First, pursuant to the

16  Federal CAN-SPAM Act, state law regulating electronic mail is preempted except for claims alleging

17  fraud or deception.  Here, the FAC fails to allege reliance and damages – required elements of fraud –

18  making the state law claim preempted.  Second, even if the sole claim were not preempted, plaintiffs

19  must allege reliance and lost money or property "as a result" of defendants' conduct to bring a claim

20  under California's False Advertising Law.  Because plaintiffs do not do so, and could not do so in an

21  amended pleading without contradicting the present allegations and exhibits, the FAC should be

22  dismissed.

23       Further, the allegations in the FAC demonstrate other deficiencies in plaintiffs' ability to

24  state a claim and fail to be pled with particularity as required by Rule 9(b).  Finally, Mr. Keane,

25  VistaPrint's CEO, should be dismissed from this litigation with prejudice because plaintiffs fail to

26  meet their burden of establishing that the Court has jurisdiction over him.

27

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

2.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6) Motion to Dismiss

The Court may dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).   In deciding a motion under Rule 12(b)(6), "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.*   However, as the Supreme Court recently emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *accord Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).   Rather, plaintiffs must present enough factual matter, taken as true, to state a claim for relief that is plausible on its face. *See Bell*, 127 S. Ct. at 1974.   Documents attached to a complaint are deemed part of the complaint and may be considered in evaluating the merits of a motion to dismiss. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

### B.   Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over each defendant individually. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).   Conclusory allegations will not suffice; plaintiffs must provide a factual basis for personal jurisdiction. *Id.* at 1108 ("the plaintiff cannot 'simply rest on the bare allegations of its complaint'") (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).   To survive a motion to dismiss, a plaintiff must "produce[] admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal 1999).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261**

III.   **ARGUMENT**

    A.   **The FAC Should Be Dismissed With Prejudice Because Cal. Bus. & Prof. Code Section 17529.5 is Preempted by Federal Law.**

Plaintiffs' sole claim for relief cannot survive a motion to dismiss under Rule 12(b)(6) if it is preempted by Federal law.  In this District, it is well-settled that certain claims under Cal. Bus. & Prof. Code section 17529.5, California's statute regulating the sending of commercial emails, are preempted by the Federal CAN-SPAM Act.  Because plaintiffs' claims here are consistent with those that already have been found preempted, the Court should dismiss the FAC with prejudice.

    (1)   **The CAN-SPAM Act's broad preemption clause saves only state law claims based on common law fraud or deception.**

Where, as here, the Court is faced with an express preemption clause, "the purpose of Congress is the 'touchstone' [of preemption] … and the courts are to construe statutory language not in a narrow or restrictive sense but with the objective of seeking a fair understanding of Congress's purpose in light of the structure and purpose of the statute as a whole."[2]  *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485-86 (1996).

    a.   **Courts have consistently found that claims related to the sending of electronic mail are preempted by the CAN-SPAM Act unless they allege fraud or deception.**

The Federal CAN-SPAM Act explicitly preempts "any statute, regulation, or rule of a State … that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message…."  15 U.S.C. § 7707.  Plaintiffs' claim arises under California's anti-spam legislation, Cal. Bus. & Prof. Code sections 17529 *et seq.*  Federal courts, including this District, have repeatedly interpreted the CAN-SPAM Act's preemption provision to preempt all claims brought under California's anti-spam law, except those based on traditional

---

[2]  Federal "[p]reemption can occur in one of three ways: express pre-emption by statute, occupation of the field, or conflict between state and federal regulation."  *Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 496 (9th Cir. 2005) (citing *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990)).

1   principles of common law fraud.  *See ASIS Internet Servs. v. Optin Global, Inc.*, No. C05-5124,

2   2008 WL 1902217, at *19 (N.D. Cal. April 29, 2008) (CAN-SPAM Act "permits state law to

3   regulate the use of electronic messages only to the extent those regulations are based on

4   traditional principles of fraud"); *Hoang v. Reunion.com, Inc.*, C08-3518, 2008 WL 4542418, at *5

5   (N.D. Cal. October 6, 2008) (Cal. Bus. & Prof. Code section 17529.5 claim preempted by CAN-

6   SPAM Act where plaintiff failed to allege facts to support a claim of fraud); *Kleffman v. Vonage*

7   *Holdings Corp.*, No. CV 07-2406, 2007 WL 1518650, at *3 (C.D. Cal. May 23, 2007) (Cal. Bus.

8   & Prof. Code section 17529.5 claim preempted by CAN-SPAM Act where claims were not based

9   on traditional tort theories of fraud and plaintiff failed to allege he was misled by defendant's

10  emails).  The Fourth Circuit Court of Appeals, the only Circuit Court to have addressed the CAN-

11  SPAM Act's preemption clause, also concluded that the CAN-SPAM Act preempts claims

12  brought under state laws regulating email where those claims are not predicated on "common law

13  fraud or deceit."  *Omega World Travel Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 353-56 (4th

14  Cir. 2006) (claim under Oklahoma law preempted where plaintiff alleged only immaterial

15  misrepresentations in electronic communication).

16       To determine whether a plaintiff's claim is preempted under the CAN-SPAM Act, Federal

17  courts independently evaluate the factual allegations of the complaint and determine whether they

18  amount to common law fraud.  For example, in *Hoang*, Judge Chesney recently found that

19  plaintiffs' section 17529.5 claim was preempted by the CAN-SPAM Act where the plaintiffs

20  alleged that the defendant sent emails with subject lines "likely to mislead the recipients into

21  believing the emails were a personal request to connect with the individual [allegedly sending the

22  email]," but failed to allege the remaining elements of fraud.  *Hoang*, C08-3518, 2008 WL

23  4542418, at *4.  Judge Chesney specifically noted that plaintiffs failed "to allege [that they] relied

24  to their detriment on any misrepresentation and that, as a result of such reliance, they incurred

25  damage."  *Id.* at *5.  Similarly, the Central District of California recently concluded that the

26  plaintiff's claim was preempted after analyzing the factual allegations and determining that

27  plaintiff failed to allege a traditional tort theory of fraud, "or even that he was at any point

28  mislead by any of the … emails."  *Kleffman*, No. CV 07-2406, 2007 WL 1518650, at *3.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

**b.     The legislative history of the CAN-SPAM Act leaves no doubt that only state law claims for fraud or deception survive.**

That only claims based on traditional principles of common law fraud survive under Cal. Bus. & Prof. Code sections 17529 *et seq.* accords with the legislative purpose of the CAN-SPAM Act.    Congress noted that the CAN-SPAM Act was to create "one national standard" for commercial emails such that businesses sending email into various states are not burdened with varying state laws.   S. Rep. No. 108-102, at 21-22 (2003).   Congress explicitly used the term "fraud" in explaining the state legislation not preempted by the CAN-SPAM Act noting, "[this] legislation would supersede State and local statutes [and] regulations … except for statutes, regulations, or rules that target *fraud or deception* in such email.…   [A] State law prohibiting *fraudulent or deceptive* headers, subject lines, or content in commercial e-mail would not be preempted."   *Id.* at 21 (emphasis added).   The CAN-SPAM Act, therefore, preempts plaintiffs' claim under California law absent allegations amounting to common law fraud.   *See Hoang v. Reunion.com, Inc.*, C08-3518, 2008 WL 4542418, at *5; *see also* 2-14 *California Forms of Pleading and Practice* § 14.15 (2008) (noting "[i]t appears probable that the California [email] law has been preempted by the federal CAN-SPAM Act of 2003.").

**(2)     Plaintiffs' claims are preempted by the CAN-SPAM Act because they fail to allege common law fraud.**

Because the FAC's allegations fail to amount to common law fraud, the CAN-SPAM Act preempts plaintiffs' claim.   To adequately plead fraud, plaintiffs must allege that defendants (1) made a false representation as to a material fact, (2) with knowledge of its falsity, (3) with intent to defraud, (4) that plaintiffs justifiably relied on that representation, and (5) that plaintiffs sustained damages.   *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir. 2003).

**a.     The FAC fails to allege all of the required elements of fraud.**

Plaintiffs predicate their claim on advertising emails, allegedly sent by defendants to consumer email addresses on their servers, that they allege misleadingly utilized the word "free" in the subject line of the emails.   (*See* FAC, ¶¶ 19-20.)   Plaintiffs allege that the subject line of the emails "would deceive a reasonable consumer by tricking them into thinking they are getting a free

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1   gift," namely the business cards advertised by the emails, when in fact the emails "conceal[] the

2   information that they must pay a fee to get that free gift," shipping and processing.  (FAC, ¶¶ 21,

3   23.)  Plaintiffs claim that the subject lines of the emails "would be likely to mislead a recipient …

4   about a material fact regarding the contents and subject matter of the message."  (FAC, ¶ 13.)

5   Further, plaintiffs allege that defendants allegedly sent the misleading advertisements with

6   "knowledge, and with the intent to deceive consumer recipients." (FAC, ¶ 15.)

7         While the defendants steadfastly deny that these emails were misleading, notably absent

8   from these allegations is any assertion that plaintiffs justifiably relied on these allegedly

9   misleading emails in purchasing business cards, or in any other manner, or that plaintiffs were

10  damaged as a result of the allegedly deceptive advertisements.  To the contrary, plaintiffs concede

11  that they are not consumers but, rather, are internet service providers.  (*See* FAC, ¶¶ 11-12) (Asis

12  and Foggy both provide internet service and email service).  Plaintiffs fail to allege that *any*

13  individual relied on these emails, conceding that most of the emails went to "unassigned, inactive

14  or administrative email accounts…."  (FAC, ¶¶ 16-17.)  Plaintiffs similarly fail to allege that they

15  were damaged as a result of any reliance on these allegedly false advertisements, and rather

16  simply repeat multiple times the number of emails purportedly received at email accounts on their

17  servers.  (FAC, ¶¶ 22, 26.)  Here, as in *Hoang*, plaintiffs fail to allege detrimental reliance or

18  damage as a result of the purportedly misleading emails.  *See Hoang*, C08-3518, 2008 WL

19  4542418, at *5.  To the contrary, plaintiffs admit that they did not even discover the emails at

20  issue until November 7, 2008, even though the emails had been allegedly sent at least since

21  January 2006 – almost three years earlier**.**  (FAC, ¶ 13.)  Detrimental reliance and damages are

22  essential elements of fraud under California law.  *See Mirkin v. Wasserman*, 5 Cal. 4th 1082,

23  1088 (1993) ("to state a cause of action for deceit based on a misrepresentation, [plaintiff] must

24  plead that he or she actually relied on the misrepresentation"); *Wallis v. Farmers Group*, 220 Cal.

25  App. 3d 718, 734 (1990) ("[i]n an action for fraud, damage is an essential element of the cause of

26  action") (overruled in part on other grounds).  Without these two elements, plaintiffs fail to

27  properly allege common law fraud under California law thereby causing their claim to be

28  preempted by the CAN-SPAM Act.  *Hoang*, C08-3518, 2008 WL 4542418, at *5.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

b.   **Plaintiffs cannot avoid preemption by trying to redefine the elements of common law fraud.**

Perhaps in an effort to avoid the established case law regarding preemption under the CAN-SPAM Act, plaintiffs creatively attempt to redefine the elements of fraud, asserting that "[f]raud as it relates to the California False Advertising Law is defined by the courts as requiring a showing of misleading or deceitful statements, knowledge, and intent to deceive…." (FAC, ¶ 20.) Thus, plaintiffs attempt to avoid asserting the required elements of detrimental reliance and damage. Plaintiffs go so far as to cite *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006), to support their redefinition of fraud. (FAC, ¶ 20.) But plaintiffs' attempts to redefine fraud and avoid the preemption bar fail.

First, the case cited by plaintiffs does not support their proposition: *Colgan* does not define fraud, but rather lays out the statutory elements of a false advertising claim under California law, a claim that is much broader than a claim for common law fraud. *See Colgan*, 135 Cal. App. 4th at 679 (plaintiff may bring a claim under California's false advertising statute not only for false statements, but also for "advertising which[,] although true[,] … has a capacity, likelihood, or tendency to … confuse the public."). Plaintiffs' reliance on *Colgan* in the FAC is misplaced.

Second, even if *Colgan* redefined fraud for purposes of California's False Advertising Law, which it clearly does not, this statutory definition would be irrelevant to whether Congress intended the CAN-SPAM Act to preempt Plaintiffs' claim. Congress explicitly stated that it intended to preempt all state statutes regulating electronic mail, save those that "prohibit[] falsity or deception." 15 U.S.C. § 7707. In light of this statement of explicit preemption and the legislative history illuminating Congressional intent, as discussed above, federal courts have consistently interpreted the savings clause to only reach claims based on traditional tort theories of fraud. *See Kleffman*, No. CV 07-2406, 2007 WL 1518650, at *3; *ASIS*, No. C05-5124, 2008 WL 1902217, at *19; *Hoang*, C08-3518, 2008 WL 4542418, at *5. A state legislature cannot simply redefine fraud to avoid preemption by the CAN-SPAM Act. *See* S. Rep. No. 108-102, at 21-22 (2003) (noting the importance of creating a single national standard governing commercial email).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1    Because plaintiffs fail to allege detrimental reliance on, or damage resulting from, the

2    allegedly fraudulent misrepresentations, the FAC's claim is not predicated on common law fraud

3    and the CAN-SPAM Act preempts it.  *See Vess*, 317 F.3d at 1105; *Hoang*, C08-3518, 2008 WL

4    4542418, at *5.

5         **B.**     **Even if Not Preempted, the FAC Fails to State a Claim Under Federal Rule of
     Civil Procedure 12(b)(6).**

6

7    Even if the sole claim in the FAC were not preempted, it still must be dismissed under

8    Federal Rule of Civil Procedure 12(b)(6).  First, the claim should be dismissed in its entirety

9    because plaintiffs fail to allege reliance and lost money or property "as a result of" defendants'

10   conduct, which are necessary elements of their claim under Cal. Bus. & Prof. Code section

11   17529.5.  Second, although plaintiffs allege some facts with particularity, as required by Federal

12   Rule of Civil Procedure 9(b), the FAC fails to allege sufficient facts with particularity.

13        **(1)**     **Plaintiffs' claim fails because the FAC fails to allege reliance and lost
     money or property, essential elements of the claim.**

14

15   Plaintiffs' failure to allege reliance and lost money or property "as a result of" defendants'

16   conduct is fatal to their claim under California law.[3]  The FAC's sole claim arises under Cal. Bus.

17   & Prof. Code section 17529.5(a)(3), the provision of California's anti-spam law specific to false

18   advertising in electronic communications.  (FAC, ¶ 19); s*ee also* Cal. Bus. & Prof. Code §

19   17529.5(a)(3) (making unlawful the sending of a commercial email advertisement where it "has a

20   subject line that a person knows would be likely to mislead a recipient, acting reasonably under

21   the circumstances, about a material fact regarding the contents or subject matter of the message").

22   California's anti-spam statute is a subsection of California's False Advertising Law ("FAL"), Cal.

23   Bus. & Prof. Code sections 17500 *et. seq*.  (FAC, ¶ 19.)

24   In 2006, California voters approved Proposition 64, creating new requirements to bring a

25   cause of action under both the Unfair Competition Law ("UCL") and the FAL.  *See* Initiative

26

27   ───────────────

28   [3]  As argued above in Section V(A)(2), the failure to allege reliance results in plaintiffs' claim
     being preempted under the CAN-SPAM Act.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261**

Measure (Prop. 64) reprinted at Cal. Bus. & Prof. Code Ann. § 17535 (2008).[4]  As amended, the FAL requires plaintiffs to allege "lost money or property as a result of a violation of this chapter." Cal. Bus. & Prof. Code § 17535; *see also Branick v. Downey Savings & Loan Ass'n*, 39 Cal. 4th 235, 240-41 (2006) (noting that Prop. 64 limited standing under the FAL to governmental entities and plaintiffs who had lost money or property as a result of violations of the statute).

Federal courts have interpreted Proposition 64 to require that a plaintiff bringing a cause of action under the FAL must allege reliance on the false advertising as an element of the claim. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (plaintiffs' failure to allege reliance on purportedly misleading advertisements for "free" cell phones fatal to claim under FAL); *True v. Am. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1182 (C.D. Cal. 2007) (FAL plaintiff must allege that he was exposed to and relied on the misleading advertisements); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948 (S.D. Cal. 2007) (failure to allege reliance on Wal-Mart's allegedly false advertising before purchasing fatal to claim).  Plaintiffs, thus, must plead reliance to state a claim under California law.  *See Laster*, 407 F. Supp. 2d at 1194.

Plaintiffs claim only that the allegedly misleading email advertisements were sent to email addresses on their servers.  (FAC, ¶ 13.)  But Plaintiffs do not allege that they actually relied on these advertisements in purchasing business cards.  (*See* FAC, ¶¶ 21-24.)  Nor can they.  Plaintiffs are not consumers who received allegedly misleading advertising but, rather, internet service providers who own and operate servers that the plaintiffs claim received the allegedly misleading advertising.  (FAC, ¶ 13.)  In fact, plaintiffs admit that they did not discover the emails at issue until November 7, 2008, despite the fact that at least some of them were purportedly sent almost three years earlier.  (*Id.*)  And plaintiffs admit that most of the emails did not go to consumers at all but rather "unassigned, inactive or administrative email accounts."  (FAC, ¶¶ 16-17.)  Simply

---

[4] In passing Proposition 64, California voters specifically added requirements that UCL and FAL plaintiffs have "lost money or property as a result of a violation of this chapter," noting that they were amending the requirements of both sections 17200 and 17500 because these laws were being "misused by some private attorneys who … [f]ile lawsuits for clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant."  Initiative Measure (Prop. 64) reprinted at Cal. Bus. & Prof. Code Ann. § 17535 (2008).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1  put, Plaintiffs' complaint is not an attempt to remedy any harm that they themselves actually

2  sustained.  *See Laster*, 407 F. Supp. 2d at 1194.[5]

3      Plaintiffs additionally contradict their own assertions regarding the allegedly misleading

4  advertisements.  The FAC erroneously claims that, when a recipient clicks on the link in the

5  email, it is "[o]nly on the second landing page where the recipient enters their personal

6  information [when a consumer first learns] that they will have to pay for the cards."  (FAC, ¶ 23.)

7  But this claim is expressly contradicted by Exhibit C to the FAC, which demonstrates that ***the***

8  ***very first page*** a consumer views clearly states that the free business card offer requires the

9  consumer to pay shipping and processing.  (FAC, Ex. C at 1.) (Under the free business card offer,

10  the text states "Pay only for shipping and processing").  The information about shipping and

11  processing appears within seconds of reviewing the email, on the same computer screen as the

12  email, immediately upon clicking the advertising link.  (FAC, Ex. C.)  But this is the worst-case

13  scenario.  As evidenced by the emails attached as Exhibit A to plaintiffs' original complaint,

14  many emails actually contain information regarding shipping and processing in the body of the

15  email, contrary to the FAC's allegations.[6]  Plaintiffs, consequently, fail to adequately allege that

16  the emails were misleading.

17      Similarly, plaintiffs' cause of action should be dismissed because the FAC fails to allege

18  lost money or property caused by the purportedly misleading emails as required by the statute.

19  *See Buckland v. Threshold Enterprises, Ltd.,* 155 Cal. App. 4th 798, 817 (2007) ("As amended,

20  [the FAL] permits an individual to assert a claim…only if he or she "has suffered injury in fact

21  and has lost money or property as a result of such unfair competition.").  But Plaintiffs make no

22  assertion of lost property as a result of the alleged false advertisements.  Plaintiffs merely allege

23

---

24  [5] While this Court with this plaintiffs' counsel addressed the issue of standing under Cal. Bus. &
    Prof. Code section 17529.5 in *Phillips v. Worldwide Internet Solutions*, C05-5125, 2006 WL
25  1709189, at *24 n.9 (N.D. Cal. June 20, 2006), the Court did not eliminate the Proposition 64
    requirement that plaintiffs' injury occur "as a result of" defendants' conduct.  In *Phillips*, in
26  contrast to the instant case, it appears that counsel alleged some injury "as a result of" the
    defendants' conduct.  *See id.*
27  [6] Upon filing the FAC, plaintiffs removed from Exhibit A, without explanation, those emails that
28  contained the shipping and processing information in them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1    that the advertisements were sent to "consumer accounts with domain names owned by Asis or

2    Foggy." (FAC, ¶ 25.)  Indeed, plaintiffs' sole reference to money is their claim for "liquidated"

3    damages under the statute.  (FAC, ¶ 26.)  But the statutory "liquidated damages" are not "lost

4    money or property" sufficient for standing under the FAL.  Under the FAL, lost money generally

5    refers to money eligible for restitution, *i.e.* money in which plaintiffs have either prior possession

6    or a vested legal interest.  *See Buckland*, 155 Cal. App. 4th  at 817; *see also Walker v. USAA Cas.*

7    *Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (citing *Korea Supply Co. v. Lockheed*

8    *Martin Corp.,* 29 Cal. 4th 1134, 1149 (2003)) (construing the lost money or property requirement

9    under the UCL).  Liquidated damages, on the other hand, are, by definition, a statutory penalty

10   designed to deter conduct.  Such damages cannot be said to be "proximately" caused by

11   defendants' conduct and do not qualify as lost money or property under the FAL.  (*See* FAC, ¶

12   26); *see also Buckland*, 155 Cal. App. 4th  at 817.  Without allegations of lost money or property

13   "as a result of" defendants' conduct, plaintiffs' sole claim should be dismissed.

14                    **(2)    FAC should be dismissed because it fails to plead fraud with**
                              **particularity.**
15

16         Even if the Court concludes that plaintiffs have adequately alleged the elements of fraud

17   and avoid preemption, the Court should still dismiss the FAC for failure to plead fraud with

18   particularity under Federal Rule of Civil Procedure 9(b).  Where a claim alleges a uniform course

19   of fraudulent conduct, the claim is said to be "grounded in fraud" and the heightened pleading

20   requirements of Rule 9(b) apply to the entire claim.  *See Vess*, 317 F.3d at 1103-04.  Such a claim

21   is subject to dismissal for failure to meet the heightened pleading requirements of Rule 9(b).  *Id.*

22   at 1107.  To comply with Federal Rule of Civil Procedure 9(b), plaintiffs must allege "the who,

23   what, when, where, and how" of the misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627

24   (9th Cir. 1997).

25         Plaintiffs fail to meet this standard.  For example, plaintiffs make blanket allegations

26   regarding the sheer number of emails received by each plaintiff, but do not identify which emails

27   were received by Asis versus those that were received by Foggy.  (*See* FAC, ¶ 13, Exs. A-B.)

28   Further, plaintiffs allege that "Defendants sent … 5,943 commercial electronic mail

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO
                                          12.       **NOTICE OF MOTION AND MOTION TO DISMISS**
                                                    **PLAINTIFFS' FIRST AMENDED COMPLAINT**
                                                    **08-CV-5261**

1  advertisements knowing that they would go to Plaintiffs' mail service computers."  (FAC, ¶ 14.)

2  But the emails attached to the complaint in Exhibit A clearly came from non-VistaPrint domains,

3  including "saberedovernover.com" "koboh.marquisship.com" and "runlikewindowpanes.com,"

4  among others.  (FAC, Ex. A.)  Plaintiffs make no allegations linking the actual sender of the

5  emails with defendants.[7]  Plaintiff Foggy also admits that only some of the emails went to "active

6  consumer email accounts," but does not allege which or how many emails were sent to active

7  consumer accounts and which went to "unassigned, inactive, or administrative accounts."  (FAC,

8  ¶ 17.)  Plaintiffs also allege that defendants sent over 5,000 wrongful emails to their collective

9  computers, for which plaintiffs wish to recover $1,000 per email.  (FAC, ¶¶ 13, 26.)  Yet

10  plaintiffs provide only nine example emails in Exhibit A and provide only about 500 example

11  subject lines for the emails in question.  If plaintiffs can provide some emails, then they should

12  provide defendants with all of the emails at issue.  And while Exhibit B to the FAC contains

13  particularity with respect to when some of the emails were sent, the FAC is otherwise silent on

14  when the conduct at issue occurred other than to provide a broad, nearly three-year period.  This

15  is insufficient to meet the pleading requirements of Rule 9(b).  *Cooper*, 137 F.3d at 627.

16  **C.     Mr. Keane Should Be Dismissed With Prejudice Because This Court Lacks
          Jurisdiction Over Him.**

18  Mr. Keane should be dismissed from this lawsuit because this Court does not have

19  jurisdiction over him.  Establishing personal jurisdiction is plaintiffs' burden, which they fail to

20  meet.  *See Dole Food*, 303 F.3d at 1108.

21  Mr. Keane is a Massachusetts resident with no ties to the state of California.  (FAC, ¶ 6.)

22  Because plaintiffs do not allege any of the traditional bases of jurisdiction over Mr. Keane, for

23  this Court to have jurisdiction, plaintiffs must establish that Mr. Keane had "certain minimum

24  contacts with [California] such that the maintenance of the suit does not offend traditional notions

---

[7] Indeed a simple search of these domains on the "whois" search database reveals that the
domains sending the emails are not owned or operated or in any way connected to VistaPrint.  *See
Express Media Group LLC v. Express Corp.*, No. C 06-03504, 2007 WL 1394163, at *1-*2 (N.D.
Cal. May 10, 2007) (explaining the whois search tool).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1    of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[8]  In

2    evaluating personal jurisdiction, each defendant's contacts are assessed individually.  *Calder*, 465

3    U.S. at 790.  The mere fact that a non-resident corporation may be subject to local jurisdiction does

4    not mean that its non resident officers or directors are subject to local jurisdiction as well.  *Id*.

5          Plaintiffs do not allege that Mr. Keane had substantial or continuous and systematic

6    activities within California.  (*See* FAC, ¶ 2) (alleging specific jurisdiction over defendants).

7    Therefore, to determine whether the Court may exercise specific personal jurisdiction over

8    Mr. Keane, it must evaluate his activity giving rise to the cause of action.  *See Mencken v. Emm*,

9    503 F.3d 1050, 1056 (9th Cir. 2007).  This is a three-part inquiry: (1) whether Mr. Keane

10   purposefully directed activities toward or consummated some transaction with the forum or

11   residents thereof, or performed some act by which he purposefully availed himself of the

12   privilege of conducting activities in the forum; (2) whether the claim made by plaintiffs arises out

13   of Mr. Keane's forum-related activities; and (3) whether the exercise of jurisdiction comports

14   with traditional notions of fair play and substantial justice, *i.e.* whether jurisdiction is reasonable.

15   *See id.* at 1057.  "The plaintiff bears the burden of satisfying the first two prongs of the test.  If

16   the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the

17   forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

18          **(1)    Mr. Keane did not purposefully direct activities toward California.**

19          Plaintiffs do not allege sufficient facts to establish that Mr. Keane purposefully availed

20   himself of the privilege of conducting activities in California, thus they fail to establish personal

21   jurisdiction over him.  Where, as here, plaintiff alleges a tort-like cause of action, the Ninth

22   Circuit has applied an "effects" test to determine whether the defendant purposefully availed

23   himself of the forum.  *See Schwarzenegger*, 374 F.3d at 803 (citing *Calder*,  465 U.S. at 789-90).

24   This is itself a three-part test, and to meet it, "the defendant allegedly must have (1) committed an

---

[8] California Code of Civil Procedure section 410.10, California's long-arm jurisdiction statute, allows for the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States."  Consequently, the Court's inquiry as to personal jurisdiction is limited to a single inquiry into whether personal jurisdiction over Mr. Keane comports with Constitutional due process.  *See* Cal. Code Civ. Proc. § 410.10; *see also Rocke v. Canadian Automobile Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1   intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

2   is likely to be suffered in the forum state." *Mencken,* 503 F.3d at 1058 (quoting *Yahoo! Inc. v. La*

3   *Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)).

4        Plaintiffs allege that defendants sent approximately 5,900 emails into California in

5   violation of California law.  (FAC, ¶ 13.)  Plaintiffs concede that these emails were a subset of

6   "mass commercial email advertisements" purportedly sent by defendants.  (FAC, ¶ 2.)  Plaintiffs

7   cite numerous recent cases that discuss the attachment of personal jurisdiction to companies

8   sending out mass email.  (FAC, ¶ 2.)  But plaintiffs may not, without more, impute VistaPrint's

9   alleged conduct to Mr. Keane.  Indeed, the Supreme Court has made clear that the "purposeful

10  availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a

11  result of … the unilateral activity of another party or a third person."  *Burger King Corp. v.*

12  *Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v.*

13  *Hall*, 466 U. S. 408, 417 (1984)).  Plaintiffs do not allege that Mr. Keane intentionally sent the

14  emails, nor that he explicitly directed VistaPrint to send out the emails.  All of the example emails

15  provided by plaintiffs appear to be commercial advertising emails related to VistaPrint.  (*See*

16  FAC, Ex. A.)  In fact, the example emails demonstrate that they were sent by third parties; not

17  even by defendants.  (FAC, Ex. A.)  The FAC is devoid of any factual allegations specific to Mr.

18  Keane, apart from generic and conclusory allegations regarding his relationship to VistaPrint.

19  (*See* FAC, ¶ 9.)  Plaintiffs fail to allege any conduct by Mr. Keane directed toward the forum.

20  Without this, plaintiffs fail to meet their burden for establishing that Mr. Keane purposefully

21  availed himself of the forum or that the cause of action arises out of his contacts with the forum

22  state.  *See Mencken*, 503 F.3d at 1057.  Plaintiffs consequently fail to meet their burden to

23  establish that personal jurisdiction over Mr. Keane comports with due process.  *See Burger King*,

24  471 U. S. at 472.

25        **(2)   Plaintiffs may not impute the other defendants' contacts with California to Mr. Keane.**

26

27        Plaintiffs attempt to avoid the due process bar to personal jurisdiction over Mr. Keane by

28  imputing the alleged contacts of the other defendants to Mr. Keane.  (*See* FAC, ¶ 6.)  But "[f]or

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

15.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1 jurisdictional purposes, the acts of corporate officers and directors in their official capacities are

2 the acts of the corporation exclusively and are thus not material for purposes of establishing

3 minimum contacts as to the individuals." *Colt Studio*, 75 F. Supp. 2d at 1111.  This so-called

4 fiduciary shield can only be disregarded where: (1) the corporation is the alter ego of the

5 individual defendant; or (2) the corporate defendant authorized, directed, or was a direct

6 participant in the alleged conduct.  *See Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065,

7 1072 (C.D. Cal. 2004) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984),

8 *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)).  Plaintiffs

9 have not established nor adequately alleged either that VistaPrint is the alter ego of Mr. Keane or

10 that Mr. Keane authorized, directed, or directly participated in the alleged conduct.

11    **a.  VistaPrint is not the alter ego of Mr. Keane.**

12    To establish that VistaPrint is the alter ego of Mr. Keane, plaintiffs must make a prima

13 facie case: "(1) that there is such unity of interest and ownership that the separate personalities of

14 the corporation and the individuals no longer exist and (2) that failure to disregard the corporation

15 would result in fraud or injustice." *Flynt*, 734 F.2d at 1393.  Plaintiffs cite a California case,

16 *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985), to support their contention that the

17 corporate veil should be pierced and Mr. Keane treated as the alter ego of VistaPrint.  But this

18 case points out that, under California law, "the corporate form will be disregarded only in

19 narrowly defined circumstances and only when the ends of justice so require." *Mesler*, 39 Cal. 3d

20 at 301.

21    The narrowly defined circumstances under which the California courts will pierce the

22 corporate veil are generally where individuals create "a sham corporate entity formed for the

23 purpose of committing fraud or other misdeeds." *Sonora Diamond Corp. v. Superior Court*, 83

24 Cal. App. 4th 523, 538 (2000).  Indicia of a sham corporate entity include "commingling of funds

25 and other assets[,] … the holding out by one entity that it is liable for the debts of the other[,] …

26 [the] use [of the corporation] as a mere shell or conduit for the affairs of the [individual,] …

27 inadequate capitalization [or] disregard of corporate formalities, [and the] lack of segregation of

28 corporate records." *Id.* at 538-39.  Thus in *Flynt*, the Ninth Circuit found that the corporation was

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1  an alter ego of the individual defendants for personal jurisdiction purposes where the plaintiff

2  submitted affidavits stating that the defendants were "the sole shareholders of the corporations

3  and the sole partners of the partnerships, converted the assets of the various corporations and

4  partnerships for their own use and dealt with them as if they were one" and that the defendants

5  transferred assets among the corporations leaving some undercapitalized.  *Flynt*, 734 F.2d at

6  1393-94.

7      Failing to meet their burden, plaintiffs allege only that "Defendant Keane created and

8  manages the companies of VistaPrint Limited and VistaPrint USA, Incorporated to avoid liability

9  for his illegal false advertising activities as described in this complaint."  (FAC, ¶ 6.)  This

10 allegation is specious and flies in the face of the actual facts.  VistaPrint USA, Incorporated is one

11 of a number of wholly-owned subsidiaries of VistaPrint Limited, a publicly traded company on

12 NASDAQ.  (VistaPrint's 10-K SEC Filing, at 41 and Exhibit 21.1) (Attached as Ex. 1 to

13 Declaration of Joseph S. Leventhal in Support of VistaPrint USA, Incorporated and Robert S.

14 Keane's Motion to Dismiss) ("10-K.")[9]  As of June 2008, VistaPrint had 1,466 employees

15 worldwide.  (*Id.* at 18.)  Thus, it is difficult to see how plaintiffs can establish unity of interest and

16 ownership such that the personalities of Mr. Keane and VistaPrint USA, Incorporated no longer

17 exist.  Plaintiffs provide conclusory allegations of identity between Mr. Keane and defendants but

18 have not established, and cannot establish, that VistaPrint USA, Incorporated is his alter ego

19 under California law.  *See Colt Studio,* 75 F. Supp. 2d at 1111.

20          **b.      Plaintiffs have not sufficiently alleged Mr. Keane participated
                        in the underlying conduct.**

21

22      Because plaintiffs fail to allege any direct involvement by Mr. Keane in the alleged

23 advertising, they may not attribute defendants' alleged contacts to Mr. Keane.  The acts of a

24 corporation may be imputed to a corporate officer for jurisdictional purposes where the corporate

25 officer was the "guiding spirit behind the wrongful conduct . . . or the central figure in the

26

27 ──────────────
[9] The Court may properly consider this document.  On a motion to dismiss, a court may take
judicial notice of "matters of public record outside the pleadings," including SEC filings.  *MGIC
Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986); *Dreiling v. Am. Exp. Co.,* 458 F.3d
28 942, 946 n. 2 (9th Cir. 2006) (SEC filings subject to judicial notice).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1    challenged corporate activity." *Davis v. Metro Productions Inc.*, 885 F.2d 515, 524 n.10 (9th Cir.

2    1989).  However, "mere knowledge of tortious conduct by the corporation is not enough to hold a

3    director or officer liable for the torts of the corporation absent other 'unreasonable participation'

4    in the unlawful conduct by the individual." *Wolf Designs*, 322 F. Supp. 2d at 1072 (citing *PMC,*

5    *Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1389 (2000)).

6            The FAC contains general allegations regarding Mr. Keane's relationship to defendants.  But

7    plaintiffs only once attribute any participation in the underlying cause of action to Mr. Keane, in their

8    false allegation that "Defendant Keane created and manages the companies … to avoid liability for

9    his illegal false advertising activities."  (FAC, ¶ 6.)  But this allegation is expressly contradicted by

10   VistaPrint's SEC filings, which evidence that VistaPrint is a publicly traded company on NASDAQ

11   providing graphic and customized print services, and filling an average of 31,000 orders per day.

12   (10-K at 3.)  Nowhere do plaintiffs allege any facts supporting the legal conclusion that Mr. Keane

13   was the "guiding spirit" or "central figure" in the sending of the email advertising.  *See Davis*, 885

14   F.2d at 524 n.10.  Lacking any allegations of Mr. Keane's involvement, plaintiffs' attempts to impute

15   defendants' conduct to Mr. Keane for jurisdictional purposes must fail.

16           **(3)    The exercise of personal jurisdiction over Mr. Keane would be**
                     **unreasonable.**
17

18           Even should this Court find that plaintiffs have met their burden to establish personal

19   jurisdiction over Mr. Keane, the Court should not exercise this jurisdiction because doing so

20   would not be reasonable.  There are seven factors that the courts balance in determining whether

21   the exercise of personal jurisdiction is constitutionally reasonable: "(1) the extent of the

22   defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant

23   of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state;

24   (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution

25   of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and

26   effective relief; and (7) the existence of an alternative forum."  *Mencken*, 503 F.3d at 1058

27   (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).  None of

28   these factors favor the Court exercising personal jurisdiction over Mr. Keane.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

Plaintiffs have provided no evidence nor made any allegations of a purposeful interjection by Mr. Keane into the state of California nor any contacts between him and the state of California.  To the extent Plaintiffs have any dispute with Mr. Keane, the dispute would appear to arise out of his employment in the Commonwealth of Massachusetts.  Massachusetts would, therefore, have an interest in adjudicating the action and would be the proper forum for any dispute that plaintiffs might have with Mr. Keane.  Consequently, personal jurisdiction over Mr. Keane in California is constitutionally unreasonable and he should be dismissed from the action.

### D.    Leave To Amend Should Be Denied Since Amendment Would Be Futile.

Plaintiffs should not be given leave to amend their sole claim.  Dismissal without leave to amend is appropriate when if the Court is satisfied that the FAC's deficiencies cannot be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).  Here, the FAC's deficiencies cannot be cured by amendment.

First, plaintiffs cannot amend their complaint to avoid the Federal preemption provision of the CAN-SPAM Act.  To avoid CAN-SPAM's preemption provision, plaintiffs must allege all of the elements of common law fraud.  Plaintiffs admit that they are not consumers and did not purchase business cards, and they further admit that they did not even discover the emails until November 2008.  Consequently, plaintiffs cannot allege justifiable reliance or damages sufficient for fraud and to avoid preemption.  Second, even if the claim were not preempted, plaintiffs are unable to plead reliance and loss of money or property "as a result of" defendants' conduct, which are required elements of their state law claim.  Because amendment would be futile, dismissal with prejudice is appropriate.

### IV.   CONCLUSION

For all of these reasons, VistaPrint USA, Incorporated and Robert S. Keane respectfully request that this Court dismiss the FAC with prejudice and dismiss Mr. Keane for lack of jurisdiction.

### CERTIFICATION OF MEET AND CONFER

VistaPrint USA, Incorporated and Robert S. Keane hereby certify that they met and conferred with Plaintiffs prior to filing this motion pursuant to the Court's standing order.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261

1

### REQUEST FOR JURY TRIAL

2        Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, VistaPrint USA, Incorporated and

3   Robert S. Keane hereby request a jury trial as to all the issues to which it is so entitled.

4   Dated:  February 13, 2009                    COOLEY GODWARD KRONISH LLP

5

6                                              s/ Joseph S. Leventhal
                                               _____
7                                              Joseph S. Leventhal (221043)

8                                              Attorneys for Defendants
                                               VISTAPRINT USA, INCORPORATED and
9                                              ROBERT S. KEANE
                                               Email: jleventhal@cooley.com

10

11   620228/SD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
08-CV-5261**