COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
MICHELLE L. WASSERMAN (254686) (mwasserman@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
VISTAPRINT USA, INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>Plaintiffs,<br><br>v.<br><br>VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT USA LIMITED, a Bermuda Company, aka VISTAPRINT USA.COM, aka VISTAPRINT USA, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. 08-cv-5261 SBA<br><br>**DEFENDANT VISTAPRINT USA INCORPORATED'S OPPOSITION TO RELATING CASES PURSUANT TO CIV. L. R. 3-12(d)** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANT VISTAPRINT USA'S OPP. TO
RELATING CASES
08-CV-5261 SBA

Pursuant to Civ. L. R. 3-12(d), defendant VistaPrint USA, Incorporated ("VistaPrint USA") hereby respectfully opposes the relating of *Asis Internet Services et al. v. VistaPrint USA Incorporated*, Case No. C 08-5261-SBA ("VistaPrint USA action") to *Asis Internet Services, et al. v. Consumerbargaingiveaways, LLC, et al.*, Case No. C 08-04856-WHA ("Consumerbargaingiveaways action"). Specifically VistaPrint USA opposes the relation of the cases on the basis that the actions do not concern the same parties nor do they share factual allegations. Further, judicial resources will not be preserved by the transfer of the later-filed case and there is little likelihood of conflicting results without transfer.

## I. INTRODUCTION

Following this Court's order in *Asis Internet Services, et al. v. Consumerbargaingiveaways, LLC, et al.*, C 08-04856-WHA, Judge Armstrong *sua sponte* referred the VistaPrint USA action to this Court for a determination as to whether the VistaPrint USA action should be related to the Consumerbargaingiveaways action. (VistaPrint USA action, Dkt. 34.) But these cases were properly brought separately by plaintiffs: they involve different defendants and distinct factual allegations, over a different period of time. Consequently each case will require individualized determinations of the issues, both legal and factual. Because the cases do not concern substantially the same parties or substantially the same transactions or events, they are not properly related pursuant to Civ. L. R. 3-12(a).

## II. ARGUMENT

### A. The Two Cases Are Not Related.

Civil Local Rule 3-12(a) defines when two cases are related: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Because the two actions do not meet any of these elements, the Court should decline to relate the VistaPrint USA action to the Consumerbargaingiveaways action.

#### 1. The two cases involve different parties.

The Consumerbargaingiveaways action names three defendants:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

DEFENDANT VISTAPRINT USA'S OPP. TO
RELATING CASES
08-CV-5261 SBA

Consumerbargaingiveaways LLC, Consumer Review Network, LLC and Directgiftcardpromotions, LLC. Plaintiffs Asis and Foggy identify these defendants as web based advertising companies that send commercial email advertisements on behalf of other companies and these third-party companies' products and services. (Consumerbargaingiveaways First Amended Complaint ("FAC"), ¶ 2.) In contrast, VistaPrint USA and VistaPrint Limited are the defendants in the VistaPrint USA action currently pending before Judge Armstrong. VistaPrint USA is the United States subsidiary of VistaPrint Limited ("VistaPrint Limited" and sometimes collectively referred to herein together with its subsidiaries as "VistaPrint"), a global company that is an online retailer of customized marketing products and services for small businesses and consumers, such as business cards, letterhead, post cards, sticky notes, website hosting, calendars, lawn signs, and car door magnets.[1] While VistaPrint USA, like many reputable businesses, utilizes Internet and email-based marketing efforts to promote VistaPrint Limited's products and services, VistaPrint USA, unlike the defendants in the Consumerbargaingiveaways action, is not a third party email marketing or advertising company.

As the defendants in both actions are not the same, nor are they even similar types of businesses, the parties are not substantially similar as required by Civ. L. R. 3-12(a). *Compare Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. October 13, 2003) (cases related when both brought on behalf of T-Mobile subscribers and defendant in both cases was T-Mobile); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. June 5, 2005) (relating cases when "[b]oth name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act.").

---

[1] VistaPrint Limited is publicly traded on the NASDAQ Stock Market. It sells its products and services worldwide via its flagship www.vistaprint.com website and 19 regionally-targeted websites, collectively serving over 120 countries around the world. VistaPrint Limited has sold its products to over 17 million customers worldwide since 2000, including more than one million in the quarter ended December 31, 2008.

### 2. The two cases do not concern substantially the same transactions or events.

The two cases do not share factual allegations and do not arise from the same transactions or events. The Consumerbargaingiveaways action involves three defendants who are all alleged to have sent almost identical emails *offering retailer gift cards to consumers based on their participation in surveys* on various topics. (Consumerbargaingiveaways FAC ¶ 22; Exs. C, F, J, K.) The emails sent by the three defendants are additionally all alleged to have *forged sender identifications and header information* alleged to have been materially false or materially misleading. (Consumerbargaingiveaways FAC, ¶ 21) (alleging that defendants falsely identified their emails as coming from various domains including dell.com and microsoft.com among others.) As the Exhibits to the Consumerbargaingiveaways FAC make clear, all of the defendants are alleged to have violated the law in almost the exact same way: it appears that all defendants sent substantially the same emails and offered substantially the same types of gifts or prizes conditioned on substantially the same types of requirements. (*See id.* at ¶ 22, Exs., C, F. J, K.) Finally all of the Consumerbargaingiveaways defendants are alleged to have sent email from approximately August 2007 through September 2008. (*Id.* at ¶¶ 15-18.)

The VistaPrint USA action, in contrast, contains no allegations of misleading header information or forged sender identification. (*See* VistaPrint USA, FAC.) Plaintiffs do not allege that VistaPrint USA sent emails offering gift cards of any type or requiring consumers to complete surveys or offers to access a gift or prize. *Id.* at ¶ 19. Instead, the VistaPrint USA action involves emails allegedly sent by VistaPrint USA, marketing VistaPrint products. Plaintiffs take specific issue ***only*** with VistaPrint's marketing of its well-known and legitimate offer of free business cards, which permits customers to order business cards from VistaPrint without paying for design, manufacture, or materials, and only requires that customers pay for shipping and processing the cards. Additionally, plaintiffs make no allegations that any individual actually received these emails, alleging that the emails sent by VistaPrint USA were sent to "unassigned, inactive or administrative email accounts." (¶ *Id.* at 16, 17.) These allegations, and plaintiffs' accompanying evidence, bear no relation to allegations that a customer

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANT VISTAPRINT USA'S OPP. TO
RELATING CASES
08-cv-5261 SBA

was enticed to click on a link, and then forced to participate in a survey, enter personal information, and/or purchase a product before receiving (or not receiving) a JC Penney or Visa Gift Card. (*See* VistaPrint USA FAC ¶ 19; *compare* Consumerbargaingiveaways FAC ¶ 21-22.) Importantly, the emails at issue were allegedly sent between January 2006 through November 2008 – more than a year-and-a-half before the alleged conduct in Consumerbargaingiveaways began. (VistaPrint USA FAC, ¶ 13.)

The actions share no factual allegations, involve separate time periods, and are based on entirely different alleged harm demonstrating that the transactions and events in the two cases are not "substantially the same" as required by Civ. L. R. 3-12(a), and the cases are not properly related. *Compare Wireless Consumers Alliance*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (finding cases related where earlier suit alleged the same violations by the same defendant); *Leapfrog Enters.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (same).

**B.     Judicial Resources Will Not Be Conserved By Transferring the Later-Filed Case And Conflicting Results Are Not An Issue.**

Judicial resources will not be conserved by relating the two cases. The cases involve entirely different factual scenarios and unrelated allegations regarding commercial electronic mail. This Court has already decided one motion to dismiss and granted a motion for a more definite statement in the Consumerbargaingiveaways action, based on the specific factual allegations of that complaint. VistaPrint USA currently has a motion to dismiss pending before Judge Armstrong, which raises different and additional issues to those already addressed by this Court and whose determination depends on the unique facts alleged in that case.

Indeed, as this Court knows, the determination of whether a state law claim is preempted by the CAN-SPAM Act is determined on an as-applied case by case basis. *See e.g., Hoang v. Reunion.com, Inc.*, C08-3518, 2008 WL 4542418, at *5 (N.D. Cal. October 6, 2008) (analyzing allegations of Cal. Bus. & Prof. Code section 17529.5 claim and finding claim preempted by CAN-SPAM Act because plaintiff failed to allege facts to support a claim of fraud); *Kleffman v. Vonage Holdings Corp.*, No. CV 07-2406, 2007 WL 1518650, at *3 (C.D. Cal. May 23, 2007) (analyzing allegations of Cal. Bus. & Prof. Code section 17529.5 claim and finding them

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

DEFENDANT VISTAPRINT USA'S OPP. TO
RELATING CASES
08-CV-5261 SBA

preempted by CAN-SPAM Act because claims were not based on traditional tort theories of fraud and plaintiff failed to allege he was misled by defendant's emails); *Omega World Travel Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 353-56 (4th Cir. 2006) (analyzing plaintiff's state law claim and finding that because plaintiff only alleged "immaterial errors" the CAN-SPAM Act preempted the claim). The determination of this issue in the VistaPrint USA action will therefore require a Court to independently evaluate the allegations of that complaint before reaching a determination on that issue.

Finally, conflicting results will not be an issue should Judge Armstrong retain the VistaPrint USA action. Because the parties, facts, issues, and timeframe are entirely different between the actions, it is unlikely that any ruling by Judge Armstrong would lead to a conflict with the Consumerbargaingiveaways action presently before this Court. For example, because preemption is decided by the facts alleged in a complaint, the results of a preemption argument in one case does not conflict with the results of a preemption argument in another case when the factual allegations are as unrelated as they are here.

### III. CONCLUSION

Because the two cases are not related, judicial resources will not be conserved and any ruling by Judge Armstrong will not lead to a conflict, the Court should decline to find the cases related.

Dated: May 1, 2009                    COOLEY GODWARD KRONISH LLP


s/ *Joseph S. Leventhal*
Joseph S. Leventhal (221043)

Attorney for Defendant
VISTAPRINT USA, INCORPORATED
Email: jleventhal@cooley.com

629899 SD