**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ASIS INTERNET SERVICES, et al.,

    Plaintiffs,

v.

VISTAPRINT USA, INC. et al.,

    Defendants.

No. C 08-5261-SBA

**ORDER**

[Docket Nos. 15, 26]

Before the Court are Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) [Docket No. 15], Plaintiff's Opposition [Docket No. 21] and Defendant's Reply [Docket No. 25]. Defendant also moves to strike portions of Plaintiff's Opposition. [Docket No. 26]. The matters are fully briefed and appropriate for consideration without a hearing. For the reasons stated herein, the Defendant's motions are DENIED.

## BACKGROUND

Plaintiff Asis Internet Service ("Asis") is a California internet service provider and Plaintiff Foggy.net ("Foggy") is a sole proprietorship that provides internet access and email service. Defendants Vistaprint USA and Vistaprint Ltd. ("Vistaprint") are foreign corporations located in Delaware and Bermuda, respectively. Vistaprint appears to advertise its products by offering customers free business cards; *i.e.* free design, materials and manufacture, for the price of shipping and processing. Robert Keane, the founder and day-to-day manager of Vistaprint, was dismissed by stipulation of the parties on February 25, 2009. [Docket No. 20]. Plaintiff filed a complaint on November 17, 2009, in this court, based on diversity of citizenship and alleging $10,225,000 as the amount in controversy. The complaint was amended on December 15, 2008 [Docket No. 9], and the amount in controversy amended to $5,943,000.

Plaintiffs allege Vistaprint sent 5,943 unsolicited, commercial email advertisements to their protected computers. [FAC ¶ 13]. Asis discovered the emails on November 7, 2008. [FAC ¶ 13]. The emails were sent to unassigned or inactive email accounts owned by Asis. The email subject

lines allegedly offered a free gift, *e.g*. free full-color business cards. [FAC ¶ 19]. In this case, once one of the subject emails was opened, there was no information about the terms or conditions for receipt of the free gift. By clicking on a link, the recipient was led to separate web page and required to enter personal information, as a condition of receipt of the free gift. Then, the recipient was led to a second "landing page," where the fine print at the bottom of the page states "Printing is free. Pay only for shipping and processing. Please see our Free Offer Details for more information." [FAC ¶ 23]. Finally, at the end of the process, the recipient was informed the free gift would be shipped for $5.67, payable by credit card of check. [FAC ¶ 24].

Asis alleges the subject lines were clearly intended to deceive the recipients into thinking they were getting a free gift in order to entice them into opening and responding to emails, in violation of Cal. Bus. & Prof. Code §17529.5(a)(3).

Vistaprint concedes that third party advertisers, some of whom advertise Vistaprint products, sent emails to Asis servers in January 2006, almost three years before Plaintiffs discovered them.

The sole cause of action is based on California Business and Professions Code §17529.5, false advertising relating to commercial email advertisements. The Plaintiffs seeks liquidated damages in the amount of $1,000.00 for each eligible, unsolicited commercial email, and attorneys' fees and costs. [FAC ¶¶ 26-27]. Defendants move to dismiss the complaint, with prejudice, on two grounds: (1) the claim is preempted by the Federal CAN-SPAM Act, 15 U.S.C. § 7707; and (2) it fails to state a common-law fraud claim.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65 (internal citations omitted).

Except when specific pleading is required, such as for a claim of fraud, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Twombl*y, 127 S.Ct. at 1964).

## **ANALYSIS**

Unsolicited commercial email (or "spam") is governed by Section 17529.5 of the California Business and Professions Code. Section 17529.5(a) provides that it is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:

> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
>
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
>
> (3) The e-mail advertisement has a *subject line* that a person knows would be *likely to mislead a recipient*, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

(emphasis added).

Plaintiffs' claim rests on 17529.5(a)(3), and the allegations that email subject lines that offer a free gift are misleading and deceitful because they are likely to deceive a reasonable consumer by tricking them into thinking they are getting a free gift and by concealing the information that they must pay a fee to get that free gift. [FAC ¶ 21]. As email service providers, the plaintiffs may enforce the state law. Cal. Bus. & Prof. Code § Section 17529.5(b)(1)(A)(ii). Recovery of actual damages or liquidated damages in the amount of $1,000 for each violation is provided, as are reasonable attorneys' fees and costs. Cal. Bus. & Prof. Code § Section 17529.5(b)(1)(B)(i) and (ii), (C).

3

Defendants move to dismiss on the grounds that plaintiffs' Section 17529.5 claims are preempted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. §§ 7707. There is express preemption language in the CAN-SPAM Act. Section 7707 of Title 15 of the United States Code specifies that the federal law:

> supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, *except* to the extent that any such statute, regulation, or rule prohibits *falsity or deception* in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. §7707(b)(1) (emphasis added).

Thus, the provision broadly preempts state laws governing commercial mail, with one exception: state laws that "prohibit[] falsity or deception." Defendants contend the phrase "falsity or deception" in the savings clause encompasses only common law fraud claims and plaintiffs contend it more broadly exempts anti-deception statutes such as Section 17529.5. The Court notes that there is no appellate authority in this circuit, and lower courts are not in agreement. *See e.g.*, *Asis Internet Services v. Optin Global, Inc.*, 2008 WL 1902217, 19 (N.D. Cal. 2008) (exceptions to federal preemption are state laws that regulate the use of electronic messages only to the extent those regulations are based on traditional principles of fraud); *Hoang v. Reunion.Com, Inc.*, 2008 WL 4542418, 1 (N.D.Cal. 2008) (Chesney, J.) (holding that Section 7701(b)(1) has been interpreted to preempt state law claims, unless such claims are for common law fraud or deceit); *but see Asis Internet Services v. Consumerbargaingiveaways, et al.,* 2009 WL 1035538 (N.D. Cal. 2009) (holding that the phrase 'falsity or deception' is not confined to strict common-law fraud such that anti-deception state actions not insisting on every element of common-law fraud are preempted).

This court agrees with the preemption analysis in the recently published order in *Asis Internet Services Consumerbargaingiveaways, et al.,* 2009 WL 1035538 (N.D. Cal. April 17, 2009), and similarly rejects Defendants' preemption challenge. As in the instant case, the plaintiffs there allege defendants sent hundreds of email promotions to their computers that contained a subject line that would be likely to mislead the recipient: the promise of a free gift or prize, *e.g* "Your JCPenny

4

500 USD Gift Card!" or "CONFIRMATION: We have your $100 Visa Gift Card ready to ship!" As in the instant case, the plaintiffs allege the subject lines were intended to coax recipients to open the email by enticing them with free gifts, however, the "free" gifts came with strings attached (shipping costs), which were either only revealed in the second page of the email or never revealed at all. To receive the free gift, recipients were required to enter detailed personal information, and undertake "other steps" as well, *e.g.* register or activate a new credit card by making a purchase, transferring a balance or taking a cash advance. As in the instant case, plaintiffs assert a single claim under Section 17529.5.

Judge Alsup found that the text and structure of the provision indicates that defendants interpret the savings clause too narrowly, and this Court agrees. [Order at 9]. The very terms of the savings clause exempt laws that proscribe "falsity or deception" in email advertisements, and although the terms are not defined in the Act, this Court finds they should be applied more broadly than just to common-law fraud claims. After all, Congress explicitly used the term "fraud" in the next provision of the preemption clause, yet did not in the savings clause. *Cf.* §7707(b)(1) and 7707(b)(2) (no preemption of "other State laws to the extent that those laws relate to acts of *fraud* or computer crime") (emphasis added).

Additionally, the CAN-SPAM Act uses the phrase "falsity and deception" not only in the savings clause but also in the substantive provisions regulating spam. *See* 15 U.S.C. §7704(a)(1), prohibiting the false and misleading transmission of information, and §7704(a)(2), prohibiting deceptive subject headings. In the latter provision, Congress specifically instructs that the prohibition on misleading subject headings should be read "consistent with the criteria used in enforcement of section 45 of this title." Section 45 of Title 15 is the Federal Trade Commission Act ("FTC Act"), and significantly, it defines an act as deceptive if a material representation, omission or practice is likely to mislead consumers acting reasonably. 15 U.S.C. § 45(a)(1). There are other references to the FTC Act in the CAN-SPAM Act. In Section 7707(b)(1), the provision immediately preceding the preemption provision, Congress specifies that "[n]othing in this chapter

5

shall be construed to affect in any way the Commission's authority to bring enforcement actions under FTC Act for materially false or deceptive representations or unfair practices in commercial electronic mail messages." The Court is persuaded that here too, Congress intended the phrase "falsity or deception" to be apply more broadly than just to common-law fraud claims.

Some courts point to the legislative history of the CAN-SPAM Act for support of the fraud requirement. The Senate report, in discussing the preemption provision and its savings clause, specifies that only state laws or regulations that "target fraud or deception" would be saved from broad preemption. Senate Report No.108-102, 108th Congr., 1st Session. There is nothing in the Senate's report that requires limiting the meaning of "falsity or deception" to laws targeting only fraud; after all, the report specifically makes the reference disjunctive (fraud *or* deception).

Because the Court declines to restrict the term "falsity or deception" to encompass only common-law fraud claims, the Court finds that plaintiffs' Section 17529.5 is not preempted by the CAN-SPAM Act. Moreover, because the very terms of Section 17529.5 do not require a plaintiff to plead reliance and damages, there is no basis to dismiss plaintiffs' claim for the failure to plead those elements.

Finally, Defendants object to portions of the Plaintiffs' Opposition brief and request them stricken. The Count finds those portions irrelevant to deciding the legal issues in the instant motion to dismiss and has not relied on them in this Order. Consequently, the defendants' motion to strike is DENIED AS MOOT.

## **CONCLUSION**

For the reasons discussed above, the Defendants' motion to dismiss and motion to strike are DENIED.

IT IS SO ORDERED.

Dated: 5/5/09

SAUNDRA BROWN ARMSTRONG
United States District Judge