Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar #236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533

Attorneys for Plaintiffs, ASIS INTERNET SERVICES
and JOEL HOUSEHOLTER

Cooley Godward Kronish LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
JOSEPH S. LEVENTHAL (221043) (jleventhal@cooley.com)
MICHELLE L. WASSERMAN (254686) (mwasserman@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant: VISTAPRINT USA, Incorporated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET, <br><br> Plaintiffs, <br><br> vs. <br><br> VISTAPRINT USA, INCORPORATED, a Delaware corporation, VISTAPRINT LIMITED, a Bermuda Company, <br><br> Defendants. | Case No. C-08-5261 SBA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE:   June 10, 2009 <br> TIME:    3:00 p.m. <br> CTRM:  TELEPHONIC |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.** <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal

JOINT CASE MANAGEMENT STATEMENT           1                                C-08-5261 SBA

jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Plaintiffs' Statement**

Plaintiffs served 3 sets of the summons, complaint and associated documents on Defendants as set forth in the Return of Service on file herein. The 3 sets of pleadings were accepted by Lawrence Gold, General Counsel, on behalf of VistaPrint, USA, Incorporated, and Robert S. Keane, individually, but he refused to acknowledge VistaPrint Limited, a Bermuda Company. Plaintiffs contend that VistaPrint Limited has knowledge of said action and should be deemed served for the following reasons:

Lawrence Gold, General Counsel of VistaPrint USA, Incorporated, was personally served with the pleadings. Mr. Gold is involved in some manner with VistaPrint Limited whose shares are traded in the United States on NASDAQ. Mr. Gold signed documents filed with the SEC on behalf of the President of the European Business Unit of VistaPrint Limited, a copy of which is attached hereto as Exhibit "A."

Robert S. Keane is the founder, President, and Chief Executive Officer of VistaPrint Limited, the Agent for Service and President of VistaPrint USA. According to the "Company Facts" on the VistaPrint website VistaPrint Limited (Bermuda) and VistaPrint USA are both listed under all "locations" of VistaPrint. See Exhibit "B."

**Defendant's Statement**

Plaintiffs attempted service of 3 sets of the summons, complaint and associated documents. Lawrence Gold, General Counsel, accepted two sets, on behalf of VistaPrint USA, Incorporated ("VistaPrint USA"), and Robert S. Keane, individually, but he properly refused to accept service on behalf of VistaPrint Limited, a Bermuda Company. Plaintiffs have not attempted further service on VistaPrint Limited.

**Joint Statement**

On February 24, 2009 the Court signed a Stipulation and Order dismissing Robert S. Keane from the action, for lack of personal jurisdiction.

1   This Court has subject matter over the dispute on the basis of diversity jurisdiction,
2   pursuant to 28 U.S.C. § 1332.  The dispute is between citizens of different states and Plaintiffs
3   allege that the amount in controversy exceeds the sum or value of $75,000.  The action is
4   based on alleged violations of Cal. Bus. & Prof. Code §17529.5.

5   **2.**   Facts: A brief chronology of the facts and a statement of the principal factual
6   issues in dispute.

7   Plaintiffs assert they are a California corporation and a sole proprietor that provide
8   internet services. Defendant VistaPrint USA is a corporation residing or incorporated in
9   Massachusetts.  Plaintiffs brought this action against Defendants for alleged email
10  advertisements sent to unassigned, inactive, or administrative email accounts on Plaintiffs'
11  servers in violation of Cal. Bus. & Prof. Code §17529.5.  Plaintiffs allege that the use of the
12  word "free" in the subject line of the emails, in relation to VistaPrint USA's offer of free
13  business cards, is misleading.  Plaintiffs contend that the receipt of these emails at
14  unassigned, inactive, and administrative email accounts entitles them to statutory liquidated
15  damages.

16  **Disputed facts include**:

17      1.   Whether a reasonable person acting under the circumstances would have
18           been misled about the contents or subject matter of the emails sent by or
19           on behalf of VistaPrint USA.  See Cal. Bus. & Prof. Code § 17529.5(a)(3).
20      2.   Whether VistaPrint USA had knowledge that a reasonable person acting
21           under the circumstances would be misled about a material fact regarding
22           the contents or subject matter of the messages at issue.  See Cal. Bus. &
23           Prof. Code § 17529.5(a)(3).
24      3.   Whether third parties changed the content of emails approved by
25           VistaPrint USA.
26      4.   Whether VistaPrint USA, established and implemented practices and
27           procedures reasonably designed to effectively prevent unsolicited

commercial email advertisements that are in violation of the statute. *See* Cal. Bus. & Prof. Code § 17529.5(b)(2).

5. Whether all of the emails at issue were unsolicited. *See* Cal. Bus. & Prof. Code 17529.5(b)(2).

**3.** <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Disputed legal issues include**:

1. Whether Plaintiffs' claim is preempted by the CAN-SPAM Act, 15 U.S.C. § 7707.

2. Whether the subject lines of the emails at issue were misleading as a matter of law.

3. Whether Plaintiffs have standing to bring their claim pursuant to the requirements of Proposition 64. *See* Cal. Bus. & Prof. Code § 17535.

4. Whether the statute of limitations bars all or some of Plaintiffs' emails. *See* Cal. Code Civ. P. § 340(a).

5. Whether Cal. Bus. & Prof. Code § 17529.5 as applied is unconstitutional under the First Amendment to the U.S. Constitution and under Article I of the California Constitution.

6. Whether Plaintiffs' failure to join the third party marketers who actually sent the emails at issue, is a failure to join an indispensible party pursuant to Fed. R. Civ. P. 19(a).

7. Whether unassigned, inactive, or administrative email accounts qualify as California electronic mail addresses within the definition of Cal. Bus. & Prof. Code § 17529.1

**4.** <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

VistaPrint USA filed and this Court denied a Motion to Dismiss. (*See* Dkt. 15; Dkt. 37.) Additionally Plaintiffs filed, and the clerk denied a Request for Entry of Default as to

1  VistaPrint Limited. (See Dkt. 27; Dkt. 29.) There are presently no motions pending. The
2  parties anticipate motions for summary judgment, following discovery.

3      **5.**   Amendment of Pleadings: The extent to which parties, claims, or defenses are
4  expected to be added or dismissed and a proposed deadline for amending the pleadings.

5      Plaintiffs do not anticipate any amended pleadings.

6      **6.**   Evidence Preservation: Steps taken to preserve evidence relevant to the issues
7  reasonably evident in this action, including interdiction of any document-destruction program
8  and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

9      To the best of their knowledge the parties hereto have fully complied with the
10 evidence preservation requirements.

11     **7.**   Disclosures: Whether there has been full and timely compliance with the initial
12 disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

13     Plaintiffs provided Defendant VistaPrint USA with samples of the subject emails
14 with the First Amended Complaint that were redacted to protect Plaintiffs' clients' private
15 information and Plaintiffs' corporate information.

16     Plaintiffs' counsel requests the Defendant's Counsel agree to a protective order
17 in this case that would protect the consumer and corporate information of the parties. In order
18 to deliver the subject emails in this matter to Defendant's Counsel without redaction, Plaintiffs
19 must be assured that Plaintiffs' email accounts in the subject emails will not be exposed
20 beyond Defendant's counsel. This includes not exposing the email accounts to Defendant.
21 The email accounts in the subject emails are Plaintiffs' customer's property and Plaintiffs'
22 corporate property. Exposure of these email accounts could result in serious damage to
23 Plaintiffs' customers and Plaintiffs' businesses. Plaintiffs will make any initial disclosures not
24 already made within 14 days of the scheduled Case Management Conference.

25     Defendant VistaPrint USA believes that Plaintiffs' proposal for a protective order
26 prohibiting VistaPrint USA's counsel from sharing information with its client that is necessary to
27 its defense is not necessary nor permissible.

28     Defendant VistaPrint USA will comply with the relevant disclosure rules.

**8.** <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

The parties request no limitations on discovery other than set forth in Fed. R. Civ. P. 26, with the cut-off dates as proposed in #17 hereafter.

**9.** <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

N/A

**10.** <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

None

**11.** <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiffs' Request**:

1. For liquidated damages of $1,000.00 for each violation of *California Business and Professions Code* §17529.5(a) in the sum of $5,943,000;
2. For an award of reasonable attorneys' fees and costs according to proof;
3. For costs of suit

**Defendant's Request:**

Defendant VistaPrint USA contends that even should liability be established, Plaintiffs are only entitled to maximum liquidated damages of $100 per email proven to be in violation of the statute. Cal. Bus. & Prof. Code section 17529.5 creates a safe harbor for businesses that establish and implement with due care practices and procedures reasonably designed to effectively prevent unsolicited commercial email advertisements that are in violation of that section. VistaPrint USA contends that the safe harbor applies and Plaintiffs are therefore limited to a maximum of $100 per email or a maximum of $100,000 per incident.

1  Cal. Bus. & Prof. Code § 17529.5 (b)(2).  Additionally, as Plaintiffs have not pled any actual damages, they are not entitled to recover them.

Defendant VistaPrint USA additionally seeks costs of suit and attorneys' fees.

**12.** <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

The parties filed a joint stipulation and proposed order selecting Court mediation as their ADR process on May 7, 2009.  (Dkt. 38.)  The parties have not yet set up a date for the mediation.  Both parties will seek basic discovery prior to ADR.

**13.** <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Plaintiffs do not consent to the assignment to a Magistrate Judge.

**14.** <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties agree that no such reference is suitable.

**15.** <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

The parties anticipate motions for summary adjudication.

**16.** <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

The parties agree that this is not a case that can be handled on an expedited schedule.

**17.** <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Non-Expert Discovery Cut-off | **October 2, 2009** |
| Designation of Experts: | **November 6, 2009** |
| Rebuttal: | **December 4, 2009** |

| | | |
|---|---|---|
| 1 | Expert Discovery Cut-off | **January 29, 2010** |
| 2 | Dispositive Motions - Last Day for Hearing: | **March 23, 2010** |
| 3 | Final Pretrial | **May 3, 2010** |
| 4 | Proposed Trial Date | **May 17, 2010** |

**18.** <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

    a.    Plaintiff timely requested a Jury Trial and anticipates it will take  4  days; Plaintiff anticipates calling  5  witnesses.

    b.    Defendant anticipates it will take  5  days; Defendant anticipates calling  10  additional witnesses.

**19.**    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Plaintiff ASIS INTERNET SERVICES is a California corporation which has no parent corporation or any other parties with financial or other interest therein.

Plaintiff JOEL HOUSEHOLTER is a sole proprietorship doing business as Kneeland Engineering and Foggy.net and has no other parties with financial interest therein.

Defendant VISTAPRINT USA, INCORPORATED is a Delaware corporation. It is the United States subsidiary of VistaPrint Limited, a publicly held entity incorporated in Bermuda. VistaPrint Limited has a financial interest in VistaPrint USA, Incorporated, its wholly owned subsidiary.

**20.**    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**SINGLETON LAW GROUP**

Dated: May 20, 2009

 /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**COOLEY GODWARD KRONISH LLP**

Dated: May 20, 2009

 /s/ Joseph S. Leventhal
Joseph S. Leventhal, Attorney for Defendant,
**VISTAPRINT USA, INCORPORATED**

632229 /SD